LAW OFFICES OF MARC LIBARLE
Marc Libarle (CABN: 071678)
1388 Sutter St, Ste 910
San Francisco, CA 94109
Phone: (415) 928-2400
Email: ml7006@gmail.com

HALLER LAW PLLC
Timothy J. Haller (*Pro Hac Vice Pending*)
230 E Delaware Pl, Ste 5E
Chicago, IL 60611
Phone: (630) 336-4283
Email: haller@haller-iplaw.com

*Attorneys for Plaintiff,*
*BelAir Electronics, Inc.*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| **BELAIR ELECTRONICS, INC.,** | |
| **Plaintiff,** | **Case No.  8:25-cv-01546** |
| **v.** | **COMPLAINT FOR PATENT INFRINGEMENT** |
| **GOOSPERY, INC. (fka GOOSPERYUS, INC.),** | |
| **Defendant.** | |

Plaintiff BelAir Electronics, Inc. complains of Defendant Goospery, Inc. (fka Goosperyus, Inc.) ("Goospery" or "Defendant") as follows, all upon Plaintiff's best information and belief:

COMPLAINT FOR PATENT INFRINGEMENT

-1-

**NATURE OF LAWSUIT**

1.    This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

**THE PARTIES**

2.    Plaintiff BelAir Electronics, Inc. ("BelAir" or "Plaintiff") is an Illinois corporation with its principal place of business at 5723 Antler Lane, Westmont, Illinois 60559.

3.    BelAir is the named assignee of, owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 7,194,291, entitled "Protective Mask of Mobile Phone," which issued on March 20, 2007 (the "'291 Patent") (a true and correct copy is attached as Exhibit A); United States Patent No. 7,941,195, entitled "Protective Mask of Mobile Phone," which issued on May 10, 2011 (the "'195 Patent") (a true and correct copy is attached as Exhibit B); and United States Patent No. 10,097,676, entitled "Protective Mask of Mobile Phone," which issued on October 9, 2018 (the "'676 Patent") (a true and correct copy is attached as Exhibit C) (collectively, the "Asserted Patents").

4.    BelAir has the exclusive right to license, enforce and collect all past damages for infringement of the Asserted Patents for the period starting six years prior to the filing date of this suit (July 15, 2019) through the expirations of the Asserted Patents. BelAir also has standing to sue for infringement of the Asserted Patents.

5.    Upon information and belief, Defendant Goospery, Inc. (fka Goosperyus, Inc.) is a domestic California corporation with a registered principal address at 1214 West Commonwealth Avenue, Suite C, Fullerton, California 92833.

6.    In furtherance of Plaintiff's review and analysis prior to filing this action, Plaintiff studied Defendant's publicly-available product literature and, among other things, purchased a "GOOSPERY Z Bumper Crossbody Case [Military Collection] Compatible with iPhone 14 Case [Strap Included] Shock Absorbing Dual Layer TPU + Hard PC Back Cover with Strap, Camo" Item Model Number: IP14-ZBP-CAM-STP and a "GOOSPERY

COMPLAINT FOR PATENT INFRINGEMENT

Crystal Clear Bumper Case Compatible with Galaxy Z Fold 4 Ultimate Slim Pocket Friendly Thin Design Super Real Crystal Clear Transparent Lightweight Hard PC Back Cover – Clear" Item Model Number: FLD4-SPC-CLR through Defendant's Amazon store for assessment as representative of the products identified in Exhibit D and Exhibit E.

7. Defendant primarily advertises and sells Accused Products at http://goosperycase.com/, http://goosperyus.com/, http://goospery.com/, and related urls redirected to by Defendant's various domains; https://www.amazon.com/sp?ie=UTF8&seller=A2LAOO6BZILCO0, https://www.amazon.com/stores/GOOSPERY/page/97C74978-B993-43D4-B6DD-A742880DC513, and https://www.amazon.com/s?me=A2LAOO6BZILCO0&marketplaceID=ATVPDKIKX0 DER, and related "Goospery" product pages accessed through Amazon.com's website; and https://www.walmart.com/c/kp/goospery-website and related "Goospery" product pages accessed through Walmart.com's website.

8. Defendant offers for sale and sells the Accused Products (as further identified below) for mobile devices throughout the United States and this Judicial District.

## JURISDICTION AND VENUE

9. BelAir's claims for patent infringement against Defendant arise under the patent laws of the United States including 35 U.S.C. §§ 271 and 281. Consequently, this Court has original and exclusive subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. Defendant owns, operates, and conducts business in the state of California and directs advertisements at residents of California – which are covered by claims of the Asserted Patents – and throughout the United States including California and this Judicial District.

11. Goospery, Inc. (fka Goosperyus, Inc.) is a registered California corporation currently doing business in this Judicial District, has purposefully availed itself of the privilege of conducting business with residents of this Judicial District, has purposefully

COMPLAINT FOR PATENT INFRINGEMENT

reached out to residents of this Judicial District, and has established sufficient minimum contacts with the State of California such that it should reasonably and fairly anticipate being haled into court in California.

12.    Venue in this Judicial District is proper under 28 U.S.C. § 1400(b) because Defendant resides in this Judicial District.

## THE ACCUSED PRODUCTS

13.    Defendant has infringed certain claims of the Asserted Patents through the manufacture, sale, offer for sale, advertisement, importation, shipment, distribution, and/or use of Defendant's protective masks for mobile devices (herein referred to as the "Accused Products").

14.    As presently advised, the Accused Products include the following categories of protective masks for mobile devices ("Case Styles"): Rail 2 Card; Magsafe Standing Silicon/Silicone; Magsafe Semi Silicon/Silicone; Magsafe Jell Hard; Silicon/Silicone/Liquid Silicone/Mercury Silicone; Bumper Pop; Mansoor Diary; Canvas Diary; French 2 Card Bumper; Pearl Jelly; Blue Moon Diary; Rich Diary; Super Protect; SF (Soft Feeling) Jelly; Fancy Diary/Flip Diary; Sonata Diary; Mona Lisa Diary; Saffiano Diary; Detachable Diary; Skinny Bumper; Sky Slide; Sliding Card Holder; X Bumper/Bumper X; Z Bumper; Wonder Protect; Style Lux; Ultra Skin; Davinci Jelly; Dream Bumper; Romance Diary; i-Jelly/i-Jelly Metal; iPocket; iPocket Premium; Peach Garden Bumper; Persona Diary; Focus Bumper; WOW Bumper View; Viva Window; Cocktail Bumper; Techno Flip; Leather Flip Diary; Easy View; Focus View; Premium Wallet/Premium Diary; Magnetic Door Bumper/Card Holder Wallet; Fard/SF (Soft Feeling) Fard; Wallet Strap; Luster; Crystal Clear Bumper; Flex Wallet; Ring Bumper; Ring Holder; Card Wallet Ring; Super Real Clear PC/PC Hard; EZ Mount Wallet; and Folio. (See Exhibit D and Exhibit E; http://goosperycase.com/, http://goosperyus.com/, http://goospery.com/, and related urls redirected to by Defendant's various domains; https://www.amazon.com/sp?ie=UTF8&seller=A2LAOO6BZILCO0, https://www.amazon.com/stores/GOOSPERY/page/97C74978-B993-43D4-B6DD-

COMPLAINT FOR PATENT INFRINGEMENT

A742880DC513,                                    and https://www.amazon.com/s?me=A2LAOO6BZILCO0&marketplaceID=ATVPDKIKX0 DER, and related "Goospery" product pages accessed through Amazon.com's website; and https://www.walmart.com/c/kp/goospery-website and related "Goospery" product pages accessed through Walmart.com's website).

15.    As presently advised, the Accused Products include protective masks for at least the following mobile devices: Apple iPhone 4; Apple iPhone 4s; Apple iPhone 5; Apple iPhone 5c; Apple iPhone 5s; Apple iPhone SE (2016); Apple iPhone 6; Apple iPhone 6s; Apple iPhone 6 Plus; Apple iPhone 6s Plus; Apple iPhone 7; Apple iPhone 7 Plus; Apple iPhone 8; Apple iPhone 8 Plus; Apple iPhone X; Apple iPhone XS; Apple iPhone XS Max; Apple iPhone XR; Apple iPhone SE (2020); Apple iPhone 11; Apple iPhone 11 Pro; Apple iPhone 11 Pro Max; Apple iPhone 12 Mini; Apple iPhone 12; Apple iPhone 12 Pro; Apple iPhone 12 Pro Max; Apple iPhone SE (2022); Apple iPhone 13 Mini; Apple iPhone 13; Apple iPhone 13 Pro; Apple iPhone 13 Pro Max; Apple iPhone 14; Apple iPhone 14 Plus; Apple iPhone 14 Pro; Apple iPhone 14 Pro Max; Google Pixel; Google Pixel XL; HTC One M7; HTC One M8; HTC One M9; Huawei G8; Huawei Mate 8; Huawei Mate 9; Huawei Mate 20 Lite; Huawei Mate 20 Pro; Huawei Nova 2; Huawei P9; Huawei P20 Lite Nova 3E; Huawei P20 Pro; Huawei P30 Lite Nova 4E; Huawei P30 Pro; LG G Pro 2; LG G Vista; LG G2 F320; LG G3 F400; LG G4; LG G5; LG G6; LG G7; LG L70; LG L90; LG M7; LG Nexus 5; LG Nexus 6; LG V10; LG V20; LG V30; LG V50 ThinQ; Motorola Moto G3; Samsung Galaxy Note 3; Samsung Galaxy Note 4; Samsung Galaxy Note Edge; Samsung Galaxy Note 5; Samsung Galaxy Note FE; Samsung Galaxy Note 7; Samsung Galaxy Note 8; Samsung Galaxy Note 9; Samsung Galaxy Note 10; Samsung Galaxy Note 10 Plus; Samsung Galaxy Note 20; Samsung Galaxy Note 20 Ultra; Samsung Galaxy S5; Samsung Galaxy S6; Samsung Galaxy S6 Edge; Samsung Galaxy S6 Edge Plus; Samsung Galaxy S7; Samsung Galaxy S7 Edge; Samsung Galaxy S8; Samsung Galaxy S8 Plus; Samsung Galaxy S9; Samsung Galaxy S9 Plus; Samsung Galaxy S10e; Samsung Galaxy S10; Samsung Galaxy S10 Plus; Samsung Galaxy S10 5G; Samsung

COMPLAINT FOR PATENT INFRINGEMENT

Galaxy S20; Samsung Galaxy S20 Plus; Samsung Galaxy S20 Ultra; Samsung Galaxy S21; Samsung Galaxy S21 FE; Samsung Galaxy S21 Plus; Samsung Galaxy S21 Ultra; Samsung Galaxy S22; Samsung Galaxy S22 Plus; Samsung Galaxy S22 Ultra; Samsung Galaxy Z Flip 3; Samsung Galaxy Z Flip 4; Samsung Galaxy Z Fold 3; Samsung Galaxy Z Fold 4; Vivo Y55; Apple iPad Air 4 11"; Apple iPad Air 5 11"; Apple iPad Air 6 11"; Apple iPad Pro 4 12.9"; Apple iPad Pro 5 12.9"; Apple iPad Pro 6 12.9"; Samsung Galaxy Tab 10.1; Samsung Galaxy Tab A7; Samsung Galaxy Tab A7 Lite; Samsung Galaxy Tab A8; Samsung Galaxy Tab S6 Lite; and Samsung Galaxy Tab S7. (See Exhibit D and Exhibit E; http://goosperycase.com/, http://goosperyus.com/, http://goospery.com/, and related urls redirected to by Defendant's various domains; https://www.amazon.com/sp?ie=UTF8&seller=A2LAOO6BZILCO0, https://www.amazon.com/stores/GOOSPERY/page/97C74978-B993-43D4-B6DD-A742880DC513, and https://www.amazon.com/s?me=A2LAOO6BZILCO0&marketplaceID=ATVPDKIKX0DER, and related "Goospery" product pages accessed through Amazon.com's website; and https://www.walmart.com/c/kp/goospery-website and related "Goospery" product pages accessed through Walmart.com's website).

16.    Defendant's Accused Products also include a smaller subset of protective masks for mobile devices consisting of two portion cases (herein referred to as the "Two Portion Accused Products"). See Exhibit E for a detailed list, exemplary photos, and product page links to the Two Portion Accused Products. For avoidance of doubt, the Two Portion Accused Products in Exhibit E are a smaller subset of the Accused Products in Exhibit D and are included in and a part of the Accused Products. All Defendants' Accused Products are alleged to infringe at least independent Claim 9 of the '195 Patent and independent Claims 1, 5, 8, and 9 of the '676 Patent. In addition to these claims, Defendants' Two Portion Accused Products are alleged to additionally infringe at least independent Claims 1, 6, and 9 of the '291 Patent and independent Claims 1 and 6 of the '195 Patent.

COMPLAINT FOR PATENT INFRINGEMENT

17.    As presently advised, the Accused Products include Defendant's cases found at http://goosperycase.com/, http://goosperyus.com/, http://goospery.com/, and related urls redirected                to                by                Defendant's                various                domains; https://www.amazon.com/sp?ie=UTF8&seller=A2LAOO6BZILCO0, https://www.amazon.com/stores/GOOSPERY/page/97C74978-B993-43D4-B6DD-A742880DC513,                                                                                and https://www.amazon.com/s?me=A2LAOO6BZILCO0&marketplaceID=ATVPDKIKX0 DER, and related "Goospery" product pages accessed through Amazon.com's website; and https://www.walmart.com/c/kp/goospery-website and related "Goospery" product pages accessed through Walmart.com's website.

18.    The Accused Products, as illustrated below, are those protective masks that are capable of being coupled to a portion of a mobile device so that the mobile device will not fall out of the protective mask. The Accused Products are those protective masks that comprise a flange or retainer (as recited in the asserted claims, *infra*). Upon information and belief, such a flange is indicated by the marking(s) in the illustrations hereinbelow. The Accused Products also may use flange(s) or retainer(s) in conjunction with substantial surface to surface contact by the inner surface of the protective mask which conforms to the contour of the outer surface of the mobile device, working together to provide non-permanent, temporary protection to the mobile device. While not required by all asserted claims, the Accused Products are protective masks that include openings to allow access to the interface as well as inputs and outputs, as well as protective masks that have patterns, nameplates, type, text, or graphic elements. See Exhibit D and Exhibit E for exemplary photos for all categories of Defendant's Case Styles. Below are pictures of representative Accused Products.

COMPLAINT FOR PATENT INFRINGEMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28







COMPLAINT FOR PATENT INFRINGEMENT




GOOSPERY Z Bumper Crossbody Case [Military Collection] Compatible with iPhone 14 Case [Strap Included] Shock Absorbing Dual Layer TPU + Hard PC Back Cover with Strap, Camo; Item Model Number: IP14-ZBP-CAM-STP; https://www.amazon.com/dp/B0B9GFMR3L?th=1 (See Exhibit D and pictures of representative products).




COMPLAINT FOR PATENT INFRINGEMENT





GOOSPERY Crystal Clear Bumper Case Compatible with Galaxy Z Fold 4 Ultimate Slim Pocket Friendly Thin Design Super Real Crystal Clear Transparent Lightweight Hard PC Back Cover - Clear; Item Model Number: FLD4-SPC-CLR; https://www.amazon.com/dp/B0B7HPYLRD (See Exhibit D and Exhibit E and pictures of representative products).

19.    The Accused Products subject to this Complaint include all substantively similar products and any predecessor and/or successor versions that satisfy each limitation

COMPLAINT FOR PATENT INFRINGEMENT

of, and therefore infringed, any asserted claim of the Asserted Patents whether sold directly or via other online marketplaces or brick and mortar retail stores.

20.    After adequate discovery, BelAir may seek leave to amend this Complaint to include additional details of infringement, if any, by other products hereafter discovered to infringe the Asserted Patents.

## INFRINGEMENT BY DEFENDANT

## COUNT I: INFRINGEMENT OF UNITED STATES PATENT NO. 7,194,291

21.    Plaintiff BelAir realleges and incorporates by reference paragraphs 1 through 20, inclusive, as though fully set forth herein.

22.    Defendant directly infringed at least independent Claims 1, 6, and 9 of the '291 Patent (prior to its expiration on or about November 16, 2022).

## CLAIM 1

23.    The Two Portion Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendant, comprised a protective mask adapted to be coupled to an exterior housing of a mobile phone having internal components including circuitry and a battery, which are covered by the exterior housing, in accordance with the limitations of Claim 1 of the '291 Patent.

24.    Specifically, the Two Portion Accused Products, comprised:

      a.    first mask portion, molded to conform to the shape of a first portion of the exterior housing of the mobile phone, the first mask portion having flanges to couple the first mask portion to the exterior housing of the mobile phone to retain the first mask portion to the first portion of the exterior housing so that the first mask portion covers the first portion of the exterior housing of the mobile phone; and;

      b.    a second mask portion, molded to conform to the shape of a second portion of the exterior housing of the mobile phone, the second mask portion adapted to be coupled to the mobile phone to retain the second mask portion to the second portion of the exterior housing so that the

COMPLAINT FOR PATENT INFRINGEMENT

second mask portion covers the second portion of the exterior housing of the mobile phone;

c.    wherein said first and second mask portions are retained to the exterior housing of the mobile phone.

25.    As presently advised, one or more Two Portion Accused Products also likely satisfied the limitations of, and infringed, dependent Claims 2, 3, 4, and 5 of the '291 Patent.

**CLAIM 6**

26.    The Two Portion Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendant, comprised a protective mask adapted to be coupled to an exterior housing of a mobile phone, the mobile phone having internal components including circuitry and a battery, which are covered by the exterior housing, in accordance with the limitations of Claim 6 of the '291 Patent.

27.    Specifically, the Two Portion Accused Products comprised:

a.    a[] first mask portion, molded to conform to the shape of a first portion of the exterior housing of the mobile phone, the first mask portion having flanges to couple the first mask portion to the exterior housing of the mobile phone to retain the first mask portion to the first portion of the exterior housing so that the first mask portion covers the first portion of the exterior housing of the mobile phone;

b.    said first mask portion including an opening that is associated with an opening in the exterior housing to permit access to a feature of the mobile phone; and

c.    a second mask portion, molded to conform to the shape of a second portion of the exterior housing of the mobile phone, the second mask portion adapted to be coupled to the mobile phone to retain the second mask portion to the second portion of the exterior housing so that the

COMPLAINT FOR PATENT INFRINGEMENT

second mask portion covers the second portion of the exterior housing of the mobile phone;

d.    wherein said first and second mask portions are retained to the exterior housing of the mobile phone.

28.    As presently advised, one or more Two Portion Accused Products also likely satisfied the limitations of, and infringed, dependent Claims 7 and 8 of the '291 Patent.

### CLAIM 9

29.    The Two Portion Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendant, comprised a protective mask adapted to be coupled to an exterior housing of a mobile phone, the mobile phone having internal components including circuitry and a battery, which are covered by the exterior housing, in accordance with the limitations of Claim 9 of the '291 Patent.

30.    Specifically, the Two Portion Accused Products comprised:

a.    a[] first mask portion, molded to conform to the shape of a first portion of the exterior housing of the mobile phone, the first mask portion having a flange to couple the first mask portion to the exterior housing of the mobile phone to retain the first mask portion to the first portion of the exterior housing so that the first mask portion covers the first portion of the exterior housing of the mobile phone;

b.    the first mask portion including an opening that is associated with an opening in the exterior housing to permit access to a feature of the mobile phone;

c.    a second mask portion, molded to conform to the shape of a second portion of the exterior housing of the mobile phone, the second mask portion adapted to be coupled to the housing of the mobile phone to retain the second mask portion to the second portion of the exterior housing so that the second mask portion covers the second portion of the exterior housing of the mobile phone; and

COMPLAINT FOR PATENT INFRINGEMENT

d.    the second mask portion includes an opening that is associated with an opening in the exterior housing to permit access to a feature of the mobile phone.

31.    As presently advised, one or more Two Portion Accused Products also likely satisfied the limitations of, and infringed, dependent Claim 10 of the '291 Patent.

32.    To the extent required by law, BelAir has complied with the provisions of 35 U.S.C. § 287. Further, in instances wherein BelAir has granted rights to third parties prior to expiration of the '291 Patent, BelAir is not aware of any such third party failing to comply with its respective marking obligation prior to expiration of the '291 Patent.

33.    Defendant had notice of the '291 Patent and the likelihood of infringement thereof at least as early as July 24, 2024, pursuant to email correspondence from BelAir to Defendant via its President and CEO, Duckwang Kim. Defendant responded via email on August 15, 2024, and the Parties exchanged limited email correspondence, however, Defendant stopped responding to BelAir's emails. BelAir sent emails to Defendant on December 2, 2024, January 30, 2025, February 27, 2025, and April 9, 2025, which went unanswered, leaving BelAir no choice but to file this litigation in order to protect its intellectual property rights.

34.    Defendant's direct infringement as described above, either literally or under the doctrine of equivalents, has injured BelAir and BelAir is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**COUNT II: INFRINGEMENT OF UNITED STATES PATENT NO. 7,941,195**

35.    Plaintiff BelAir realleges and incorporates by reference paragraphs 1 through 20, inclusive, as though fully set forth herein.

36.    Defendant directly infringed at least independent Claims 1, 6, and 9 of the '195 Patent (prior to its expiration on or about November 16, 2022).

COMPLAINT FOR PATENT INFRINGEMENT

**CLAIM 1**

37.    The Two Portion Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendant, comprised a protective mask adapted to be coupled to an exterior housing of a mobile phone having internal components including circuitry and a battery, which are covered by the exterior housing, in accordance with the limitations of Claim 1 of the '195 Patent.

38.    Specifically, the Two Portion Accused Products comprised:

       a.    a first mask portion, molded to conform to the shape of a first portion of the exterior housing of the mobile phone, the first mask portion adapted to be coupled to the mobile phone to retain the first mask portion to the first portion of the exterior housing so that the first mask portion covers the first portion of the exterior housing of the mobile phone; and

       b.    a second mask portion, molded to conform to the shape of a second portion of the exterior housing of the mobile phone, the second mask portion adapted to be coupled to the mobile phone to retain the second mask portion to the second portion of the exterior housing so that the second mask portion covers the second portion of the exterior housing of the mobile phone;

       c.    wherein said first and second mask portions are retained to the exterior housing of the mobile phone.

39.    As presently advised, one or more Two Portion Accused Products also likely satisfied the limitations of, and infringed, dependent Claims 2, 3, 4, and 5 of the '195 Patent.

**CLAIM 6**

40.    The Two Portion Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendant, comprised a protective mask adapted to be coupled to an exterior housing of a mobile phone having

COMPLAINT FOR PATENT INFRINGEMENT

internal components including circuitry and a battery, which are covered by the exterior housing, in accordance with the limitations of Claim 6 of the '195 Patent.

41. Specifically, the Two Portion Accused Products comprised:

a. a first mask portion, molded to conform to the shape of a first portion of the exterior housing of the mobile phone, the first mask portion is adapted to be coupled to the mobile phone to retain the first mask portion to the first portion of the exterior housing so that the first mask portion covers the first portion of the exterior housing of the mobile phone;

b. said first mask portion including an opening that is associated with an opening in the exterior housing to permit access to a feature of the mobile phone; and

c. a second mask portion, molded to conform to the shape of a second portion of the exterior housing of the mobile phone, the second mask portion adapted to be coupled to the mobile phone to retain the second mask portion to the second portion of the exterior housing so that the second mask portion covers the second portion of the exterior housing of the mobile phone;

d. wherein said first and second mask portions are retained to the exterior housing of the mobile phone.

42. As presently advised, one or more Two Portion Accused Products also likely satisfied the limitations of, and infringed, dependent Claims 7 and 8 of the '195 Patent.

**CLAIM 9**

43. All Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendant, comprised a protective mask adapted to be coupled to an exterior housing of a mobile phone having internal components including circuitry and a battery, which are covered by the exterior housing, in accordance with the limitations of Claim 9 of the '195 Patent.

COMPLAINT FOR PATENT INFRINGEMENT

44.    Specifically, all Accused Products comprised:

a.    a first mask portion, molded to conform to the shape of a first portion of the exterior housing of the mobile phone; and

b.    the first mask portion having flanges to allow the first mask portion to be coupled to the mobile phone to retain the first mask portion to the first portion of the exterior housing so that the first mask portion covers the first portion of the exterior housing of the mobile phone.

45.    As presently advised, one or more Two Portion Accused Products and also likely satisfied the limitations of, and infringed, dependent Claims 10, 11, and 12 of the '195 Patent.

46.    To the extent required by law, BelAir has complied with the provisions of 35 U.S.C. § 287. Further, in instances wherein BelAir has granted rights to third parties prior to expiration of the '195 Patent, BelAir is not aware of any such third party failing to comply with its respective marking obligation prior to expiration of the '195 Patent.

47.    Defendant had notice of the '195 Patent and the likelihood of infringement thereof at least as early as July 24, 2024, pursuant to email correspondence from BelAir to Defendant via its President and CEO, Duckwang Kim. Defendant responded via email on August 15, 2024, and the Parties exchanged limited email correspondence, however, Defendant stopped responding to BelAir's emails. BelAir sent emails to Defendant on December 2, 2024, January 30, 2025, February 27, 2025, and April 9, 2025, which went unanswered, leaving BelAir no choice but to file this litigation in order to protect its intellectual property rights.

48.    Defendant's direct infringement as described above, either literally or under the doctrine of equivalents, has injured BelAir and BelAir is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

COMPLAINT FOR PATENT INFRINGEMENT

**COUNT III: INFRINGEMENT OF UNITED STATES PATENT NO. 10,097,676**

49.    Plaintiff BelAir realleges and incorporates by reference paragraphs 1 through 20, inclusive, as though fully set forth herein.

50.    Defendant directly infringed at least independent Claims 1, 5, 8, and 9 of the '676 Patent (prior to its expiration on or about October 23, 2021).

**CLAIM 1**

51.    All Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendant, comprised a protective mask molded for frictional retention to an exterior housing of a mobile phone having user input and output interfaces, and internal components including circuitry and a battery, wherein the exterior housing completely encloses the circuitry and the battery when the mobile phone is fully assembled and ready for use, the exterior housing having an exterior shape formed by a back surface, and at least portions of opposed side surfaces, in accordance with the limitations of Claim 1 of the '676 Patent.

52.    Specifically, all Accused Products comprised:

    a.    an integrally-formed mask body molded and contoured to conform and frictionally-fit tightly against the exterior shape of the exterior housing;

    b.    an inner surface of the integrally-formed mask body defining an interior space of the integrally-formed mask body and conforming to and in substantially continuous surface-to-surface contact with the exterior shape of the exterior housing, with no substantial space between the inner surface of the integrally-formed mask body and the exterior shape of the exterior housing;

    c.    at least one opening defined by the integrally-formed mask body permitting user access to at least the user input and output interfaces; and

    d.    at least one retainer having an extension protruding laterally inward from the integrally-formed mask body and toward and into the

COMPLAINT FOR PATENT INFRINGEMENT

integrally-formed mask body interior space, wherein the at least one retainer is retained to the exterior housing at an exterior housing edge when the mask is coupled to the mobile communication device, the at least one retainer participating in retaining the integrally-formed mask body to the mobile communication device.

53.    As presently advised, one or more Accused Products also likely satisfied the limitations of, and infringed, dependent Claims 2, 3, and 4 of the '676 Patent.

**CLAIM 5**

54.    All Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendant, comprised a protective mask molded for frictional retention to an exterior housing of, and adapted to be coupled to, a mobile communication device having internal components including circuitry and a battery, wherein the exterior housing completely encloses the circuitry and battery when the mobile communication device is fully assembled and ready for use, and wherein the exterior housing has an exterior shape including a back face and at least portions of opposed side surfaces, in accordance with the limitations of Claim 5 of the '676 Patent.

55.    Specifically, all Accused Products comprised:

a.    an integrally-formed mask body molded and contoured to conform and frictionally fit to the exterior shape of the exterior housing;

b.    an inner surface of the integrally-formed mask body defining an interior space of the integrally-formed mask body and conforming to and in substantially continuous surface-to-surface contact with the exterior shape of the exterior housing in overlying and protecting relationship, without a substantial gap between the inner surface of the integrally-formed mask body and the exterior shape of the exterior housing, the integrally-formed mask body defining an opening enabling the mask to be placed over the exterior shape in overlying and protecting relationship; and

COMPLAINT FOR PATENT INFRINGEMENT

c. at least one retainer having an extension protruding laterally inward from the integrally-formed mask body and toward and into the integrally-formed mask body interior space, wherein the at least one retainer is retained to the exterior housing at an exterior housing edge when the mask is coupled to the mobile communication device, the at least one retainer participating in retaining the integrally-formed mask body to the mobile communication device.

56. As presently advised, one or more Accused Products also likely satisfied the limitations of, and infringed, dependent Claims 6 and 7 of the '676 Patent.

**CLAIM 8**

57. All Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendant, comprised a mask for attachment to a hand-held mobile phone, the mobile phone having user input and output interfaces, internal components including circuitry and a battery, and an exterior housing completely enclosing the circuitry and battery when the mobile phone is fully assembled and ready for use, the exterior housing including a first face, a second face and opposed side surfaces there between, in accordance with the limitations of Claim 8 of the '676 Patent.

58. Specifically, all Accused Products comprised:

a. an integrally-formed mask body molded to conform to a shape of the exterior housing;

b. inner and outer surfaces, the surfaces defining at least one opening in the integrally-formed mask body providing access to at least one of the user input and output interfaces, the integrally-formed mask body being configured such that, when the mask is attached to the mobile phone, the integrally-formed mask body is coextensive with, contours to and overlies the opposed side surfaces, with substantially no space between the mask body and the opposed side surfaces; and

COMPLAINT FOR PATENT INFRINGEMENT

c.    at least one retainer having an extension protruding laterally inward from the integrally-formed mask body and toward and into the integrally-formed mask body interior space, wherein the at least one retainer is retained to the exterior housing at an exterior housing edge when the mask is coupled to the mobile communication device, the at least one retainer participating in retaining the integrally-formed mask body to the mobile communication device.

## CLAIM 9

59.    All Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendant, comprised a protective mask molded for frictional retention to an exterior housing of a fully assembled mobile communication device having user input and output interfaces, the mobile communication device further having internal components including circuitry and a battery completely enclosed by the exterior housing, and the exterior housing having an exterior shape formed by a back surface and at least portions of opposed side surfaces, in accordance with the limitations of Claim 9 of the '676 Patent.

60.    Specifically, all Accused Products comprised:

a.    an inner surface closely conforming to the exterior shape of the exterior housing and in substantially continuous surface-to-surface contact with the exterior shape of the exterior housing, with substantially no space between the inner surface of the protective mask and the exterior shape when the protective mask is retained to the exterior housing, the protective mask being molded, integrally formed, contoured and sized to fit tightly against the exterior shape of the exterior housing, thereby providing retention of the protective mask to the exterior housing;

b.    at least one opening defined by the protective mask permitting user access to at least the user input and output interfaces; and

COMPLAINT FOR PATENT INFRINGEMENT

c. at least one retainer having an extension protruding laterally inward from the integrally-formed mask body and toward and into the integrally-formed mask body interior space, wherein the at least one retainer is retained to the exterior housing at an exterior housing edge when the mask is coupled to the mobile communication device, the at least one retainer participating in retaining the integrally-formed mask body to the mobile communication device.

61.     As presently advised, one or more Accused Products also likely satisfied the limitations of, and infringed, dependent Claims 10, 11, and 12 of the '676 Patent.

62.     To the extent required by law, BelAir has complied with the provisions of 35 U.S.C. § 287. Further, in instances wherein BelAir has granted rights to third parties prior to expiration of the '676 Patent, BelAir is not aware of any such third party failing to comply with its respective marking obligation prior to expiration of the '676 Patent.

63.     Defendant had notice of the '676 Patent and the likelihood of infringement thereof at least early as July 24, 2024, pursuant to email correspondence from BelAir to Defendant via its President and CEO, Duckwang Kim. Defendant responded via email on August 15, 2024, and the Parties exchanged limited email correspondence, however, Defendant stopped responding to BelAir's emails. BelAir sent emails to Defendant on December 2, 2024, January 30, 2025, February 27, 2025, and April 9, 2025, which went unanswered, leaving BelAir no choice but to file this litigation in order to protect its intellectual property rights.

64.     Defendant's direct infringement as described above, either literally or under the doctrine of equivalents, has injured BelAir and BelAir is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

## PRAYER FOR RELIEF

A.     WHEREFORE, Plaintiff BelAir Electronics, Inc. respectfully requests this Court to enter judgment against Goospery, Inc. (fka Goosperyus, Inc.) – and against each

COMPLAINT FOR PATENT INFRINGEMENT

of its subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with it – granting the following relief:

       B.     The entry of judgment in favor of Plaintiff and against Defendant;

       C.     An award of damages against Defendant adequate to compensate Plaintiff for the infringement that occurred from at least July 15, 2019 through expirations of the Asserted Patents, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date infringement began; and

       D.     Such other relief to which Plaintiff is entitled under the law and any other and further relief that this Court or a jury may deem just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues presented in this Complaint.

Dated: July 15, 2025                    Respectfully submitted,

                                   */s/ Marc Libarle*
                                   LAW OFFICES OF MARC LIBARLE
                                   Marc Libarle (CABN: 071678)
                                   ml7006@gmail.com
                                   1388 Sutter St, Ste 910
                                   San Francisco, CA 94109
                                   (415) 928-2400

                                   HALLER LAW PLLC
                                   Timothy J. Haller (*Pro Hac Vice Pending*)
                                   haller@haller-iplaw.com

                                   *Attorneys for Plaintiff,*
                                   *BelAir Electronics, Inc.*

COMPLAINT FOR PATENT INFRINGEMENT

# EXHIBIT A

## TO

## COMPLAINT FOR PATENT INFRINGEMENT

## United States Patent No. 7,194,291

Case 8:25-cv-01546-JVS-KES   Document 1   Filed 07/15/25   Page 25 of 134   Page ID
#:25



US007194291B2

(12) **United States Patent**   (10) **Patent No.:**   **US 7,194,291 B2**

Peng   (45) **Date of Patent:**   **Mar. 20, 2007**

(54) **PROTECTIVE MASK OF MOBILE PHONE**

(75) Inventor: **Kuan-Lin Peng**, Taipei (TW)

(73) Assignee: **Gregory Kim**, Westmont, IL (US)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 508 days.

(21) Appl. No.: **09/888,488**

(22) Filed: **Jun. 26, 2001**

(65) **Prior Publication Data**

US 2002/0197965 A1   Dec. 26, 2002

(51) **Int. Cl.**
*H04B 1/38* (2006.01)
*H04M 1/00* (2006.01)

(52) **U.S. Cl.** ............... **455/575.8**; 455/90.3; 455/575.1; 379/433.11; 379/451

(58) **Field of Classification Search** ........... 379/433.01, 379/433.11, 451; 455/90.1, 90.3, 550.1, 455/575.1, 575.8, 575.9
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

6,201,867 B1 *   3/2001   Koike ................... 379/433.11

| 6,591,088 | B1 * | 7/2003 | Watanabe ................... 455/90.3 |
| 6,594,472 | B1 * | 7/2003 | Curtis et al. ............. 455/575.8 |
| 6,842,633 | B1 * | 1/2005 | Deo et al. ................ 455/575.8 |
| 2001/0034211 | A1 * | 10/2001 | Kuroshima et al. |
| 2002/0193136 | A1 * | 12/2002 | Halkosaari et al. |

* cited by examiner

*Primary Examiner*—Bing Q. Bui
(74) *Attorney, Agent, or Firm*—Barnes & Thornburg LLP; Mark J. Nahnsen

(57)   **ABSTRACT**

The present invention relates to a protective mask of mobile phone comprising an upper cover body and a lower cover body. The upper and lower cover bodies can be joined with a front and a rear phone housings of a mobile phone, respectively, to effectively prevent abrasion of the mobile phone due to carelessness of a user, thereby preventing ill-favored scars on the mobile phone. Therefore, the deterioration of the quality of the mobile phone and the fall of its value can be avoided. Moreover, trend and fashion of the mobile phone can be achieved without the need of replacing the mobile phone. Therefore, waste of money can be avoided, and economic burden to the user can be lessened.

**10 Claims, 7 Drawing Sheets**



*10*

*121*

*11*

*12*



# FIG.1
# PRIOR ART



# FIG.2
# PRIOR ART

Case 6:25-cv-01546-JVS-KES    Document 1    Filed 07/15/25    Page 28 of 134   Page ID #:28



# FIG.3

Case 8:25-cv-01546-JVS-KES   Document 1   Filed 07/15/25   Page 29 of 134   Page ID #:29



# *FIG.4*

Case 8:25-cv-01546-JVS-KES   Document 1   Filed 07/15/25   Page 30 of 134   Page ID #:30



**FIG.5**



*FIG.6*

Case 8:25-cv-01546-JVS-KES   Document 1   Filed 07/15/25   Page 32 of 134   Page ID #:32



# FIG.7

US 7,194,291 B2

1

**PROTECTIVE MASK OF MOBILE PHONE**

FIELD OF THE INVENTION

The present invention relates to a protective mask of 5
mobile phone and, more particularly, to an assembly struc-
ture used in a mobile phone

BACKGROUND OF THE INVENTION

FIGS. **1** and **2** show the structure of a prior art mobile 10
phone. The outer look of the structure is approximately a
rectangular parallelepiped comprising a front phone housing
and a rear phone housing. One end of the front phone
housing **11** is pivotally joined with one end of the rear phone 15
housing **12**, as shown in FIG. **2**. An antenna **121** is disposed
on the rear phone housing **12**. A mobile phone **10** is formed
after assembling the front and rear phone housings **11** and
**12**. The mobile phone **10** can be used for receiving a call,
dialing a telephone number, making a call, displaying mes- 20
sages, and setting functions.

However, because the front and rear phone housings **11**
and **12** of the mobile phone **10** are very smooth and delicate,
abrasion may easily arise due to carelessness of a user so as
to generate ill-favored scars thereon, resulting in the dete- 25
rioration of the quality of the mobile phone and the fall of
its value.

Moreover, the design of the mobile phone **10** tends to be
more and more diversified in consideration of trend and
fashion. The user usually spends a lot of money to change 30
the mobile phone **10** to adhere to the fashion, resulting in
waste of money.

Accordingly, the above mobile phone structure has incon-
venience and drawbacks in practical installation and use.
The present invention aims to resolve the problems in the 35
prior art.

SUMMARY OF THE INVENTION

The primary object of the present invention is to provide 40
a protective mask of mobile phone to effectively prevent
abrasion of a mobile phone due to carelessness of a user,
thereby preventing ill-favored scars on the mobile phone.
Therefore, the deterioration of the quality of the mobile
phone and the fall of its value can be avoided. 45

The secondary object of the present invention is to
provide a protective mask of mobile phone so that trend and
fashion of a mobile phone can be achieved without the need
of replacing the mobile phone. Therefore, waste of money
can be avoided, and economic burden to the user can be 50
lessened.

To achieve the above objects, the present invention pro-
vides a protective mask of mobile phone comprising an
upper cover body and a lower cover body. The upper and
lower cover bodies are integrally formed by means of mold 55
ejection of plastic. Patterns, types, or nameplates can be
printed on the upper and lower cover bodies. The upper and
lower cover bodies can sheathe a mobile phone therein. A
gap, cavities, and slots corresponding to an antenna, an
earphone cavity, an incoming-call informing light and so on 60
of the mobile phone are disposed on the lower cover body
so that a user can successfully receive a call and use various
kinds of functions and settings of the mobile phone.

The various objects and advantages of the present inven-
tion will be more readily understood from the following 65
detailed description when read in conjunction with the
appended drawings, in which:

2

BRIEF DESCRIPTION OF THE DRAWINGS

FIG. **1** is a perspective view of a prior art mobile phone;
FIG. **2** is a diagram showing the use state of a prior art
mobile phone;
FIG. **3** is an exploded perspective view of the present
invention and a mobile phone;
FIG. **4** is a perspective view of the present invention
assembled with a mobile phone;
FIG. **5** is a cross-sectional view of the present invention
assembled with a mobile phone;
FIG. **6** is a diagram showing the use state of the present
invention assembled with a mobile phone; and
FIG. **7** is an exploded perspective view according to a
second embodiment of the present invention.

DETAILED DESCRIPTION OF THE
PREFERRED EMBODIMENTS

As shown in FIGS. **3** to **6**, the present invention relates to
a protective mask of mobile phone and, more particularly, to
an assembly structure used in a mobile phone. The protec-
tive mask of mobile phone of the present invention com-
prises an upper cover body **20** and a lower cover body **30**.

The upper cover body **20** is integrally formed by mold
ejection of plastic. Patterns, types, or nameplates can be
printed on a front side face of the upper cover body **20**. The
upper cover body **20** can be joined with a front phone
housing **41** of a mobile phone **40**, as shown in FIG. **4**. A rear
side face of the upper cover body **20** has a plurality of
flanges **21**, as shown in FIG. **3**. The flanges **21** can be
retained at the edge of the front phone housing **41** of the
mobile phone **40**. The front phone housing **41** of the mobile
phone **40** can be sheathed in the upper cover body **20**, as
shown in FIG. **5**.

The lower cover body **30** is integrally formed by mold
ejection of plastic. Patterns, types, or nameplates can be
printed on the lower cover body **30**. The lower cover body
**30** can be joined with a rear phone housing **42** of the mobile
phone **40**, as shown in FIG. **4**. The lower cover body **30** has
a gap **31** to retain an antenna **43** of the mobile phone **40**, as
shown in FIG. **3**. A plurality of cavities **32** are disposed
beside the gap **31** of the lower cover body **30**. The cavities
**32** can correspond to an earphone cavity **44**, an incoming-
call informing light **45** and so on of the mobile phone **40** so
that a user can conveniently use the functions of the mobile
phone **40**.

Finger recessions **33** are respectively disposed at two
sides of the lower cover body **30** so that a user can easily
unfold the pivotally joined front phone housing **41** and rear
phone housing **42** to receive a call or operate the mobile
phone **40**, as shown in FIG. **6**. The finger recessions **33** can
also let the user conveniently separate the mobile phone **40**
and the lower cover body **30** for performing operations such
as replacing a battery (not shown) of the mobile phone **40**.
A plurality of holes **34** are disposed at one side of the lower
cover body **30**. The holes **34** can correspond to function keys
(not shown) of the mobile phone **40** so that the user can
successfully receive a call or set functions.

A bottom of the lower cover body **30** has a slot **35**, which
can correspond to a socket **46** (shown in FIG. **5**) of the
mobile phone **40** so that a user can plug in a power supply
(not shown) of the mobile phone **40** to charge or recharge the
mobile phone **40**.

As shown in FIG. **7**, a different upper cover body **20** and
a different lower cover body **30** are matched according to the
outer look of a different mobile phone **40** so as to satisfy

3

users having different mobile phones **40**. The connection and disposition ways are the same as the above first embodiment of the present invention.

The present invention uses the upper cover body **20** and the lower cover body **30** to sheathe the mobile phone **40** therein so as to effectively prevent abrasion of the mobile phone **40** due to the carelessness of a user, thereby preventing ill-favored scars on the mobile phone. Moreover, trend and fashion of the mobile phone **40** can be achieved without the need of replacing the mobile phone **40**.

Although the present invention has been described with reference to the preferred embodiments thereof, it will be understood that the invention is not limited to the details thereof. Various substitutions and modifications have been suggested in the foregoing description, and others will occur to those of ordinary skill in the art. Therefore, all such substitutions and modifications are intended to be embraced within the scope of the invention as defined in the appended claims.

I claim:

**1**. A protective mask adapted to be coupled to an exterior housing of a mobile phone having internal components including circuitry and a battery, which are covered by the exterior housing, the protective mask comprising:

first mask portion, molded to conform to the shape of a first portion of the exterior housing of the mobile phone, the first mask portion having flanges to couple the first mask portion to the exterior housing of the mobile phone to retain the first mask portion to the first portion of the exterior housing so that the first mask portion covers the first portion of the exterior housing of the mobile phone; and

a second mask portion, molded to conform to the shape of a second portion of the exterior housing of the mobile phone, the second mask portion adapted to be coupled to the mobile phone to retain the second mask portion to the second portion of the exterior housing so that the second mask portion covers the second portion of the exterior housing of the mobile phone;

wherein said first and second mask portions are retained to the exterior housing of the mobile phone.

**2**. The protective mask of claim **1**, wherein patterns, types, or nameplates can be printed on said first and second mask portions.

**3**. The protective mask of claim **1**, wherein the first mask portion includes at least one opening to permit access to features of the mobile phone.

**4**. The protective mask of claim **1**, wherein said second mask portion includes at least one opening to permit access to features of the mobile phone.

**5**. The protective mask of claim **1**, wherein said second mask portion includes an opening corresponding to a socket of said mobile phone so that a user can conveniently plug in a power supply to charge said mobile phone.

**6**. A protective mask adapted to be coupled to an exterior housing of a mobile phone, the mobile phone having internal components including circuitry and a battery, which are covered by the exterior housing, the protective mask comprising:

4

an first mask portion, molded to conform to the shape of a first portion of the exterior housing of the mobile phone, the first mask portion having flanges to couple the first mask portion to the exterior housing of the mobile phone to retain the first mask portion to the first portion of the exterior housing so that the first mask portion covers the first portion of the exterior housing of the mobile phone;

said first mask portion including an opening that is associated with an opening in the exterior housing to permit access to a feature of the mobile phone; and

a second mask portion, molded to conform to the shape of a second portion of the exterior housing of the mobile phone, the second mask portion adapted to be coupled to the mobile phone to retain the second mask portion to the second portion of the exterior housing so that the second mask portion covers the second portion of the exterior housing of the mobile phone;

wherein said first and second mask portions are retained to the exterior housing of the mobile phone.

**7**. The protective mask of claim **6**, wherein patterns, types, or nameplates can be printed on said first and second mask portions.

**8**. The protective mask of claim **6**, wherein the second mask portion includes an opening to permit access to a feature of the mobile phone.

**9**. A protective mask adapted to be coupled to an exterior housing of a mobile phone, the mobile phone having internal components including circuitry and a battery, which are covered by the exterior housing, the protective mask comprising:

an first mask portion, molded to conform to the shape of a first portion of the exterior housing of the mobile phone, the first mask portion having a flange to couple the first mask portion to the exterior housing of the mobile phone to retain the first mask portion to the first portion of the exterior housing so that the first mask portion covers the first portion of the exterior housing of the mobile phone;

the first mask portion including an opening that is associated with an opening in the exterior housing to permit access to a feature of the mobile phone;

a second mask portion, molded to conform to the shape of a second portion of the exterior housing of the mobile phone, the second mask portion adapted to be coupled to the housing of the mobile phone to retain the second mask portion to the second portion of the exterior housing so that the second mask portion covers the second portion of the exterior housing of the mobile phone; and

the second mask portion includes an opening that is associated with an opening in the exterior housing to permit access to a feature of the mobile phone.

**10**. The protective mask of claim **9**, wherein patterns, types, or nameplates can be printed on said first and second mask portions.

* * * * *

# EXHIBIT B

## TO

## COMPLAINT FOR PATENT INFRINGEMENT

## United States Patent No. 7,941,195



US007941195B2

(12) **United States Patent**
Peng

(10) Patent No.: **US 7,941,195 B2**
(45) Date of Patent: **\*May 10, 2011**

(54) **PROTECTIVE MASK OF MOBILE PHONE**

(75) Inventor: **Kuan-Lin Peng**, Taipei (TW)

(73) Assignee: **Gregory J. Kim**, Westmont, IL (US)

( \* ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 654 days.

This patent is subject to a terminal disclaimer.

(21) Appl. No.: **11/673,237**

(22) Filed: **Feb. 9, 2007**

(65) **Prior Publication Data**

US 2007/0191079 A1      Aug. 16, 2007

**Related U.S. Application Data**

(63) Continuation of application No. 09/888,488, filed on Jun. 26, 2001, now Pat. No. 7,194,291.

(30) **Foreign Application Priority Data**

Nov. 17, 2000    (CN) .............................. 00 2 52902 U

(51) **Int. Cl.**
*H04M 1/00*          (2006.01)

(52) **U.S. Cl.** ................ **455/575.8**; 455/550.1; 455/575.1

(58) **Field of Classification Search** ............... 455/575.8, 455/575.9, 575.1, 550.1, 90.1, 90.3, 349, 455/349, 550; 379/433.01, 433.11, 451
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| D211,355 S | 6/1968 | Farnham et al. |
| D219,451 S | 12/1970 | Blackman |
| 4,121,061 A | 10/1978 | Donaldson |
| 5,012,513 A | 4/1991 | Dale et al. |
| D337,435 S | 7/1993 | Kaneko et al. |
| D338,470 S | 8/1993 | Clayton |
| D342,262 S | 12/1993 | Hester |
| D348,472 S | 7/1994 | Cyfko |
| 5,383,091 A | 1/1995 | Snell |

(Continued)

FOREIGN PATENT DOCUMENTS

| DE | 20019958.7 | 2/2001 |

(Continued)

OTHER PUBLICATIONS

IL Telefono Cellulare & C. 2 pages. Date: Oct. 2000. (Shows replacement mobile telephone housing portions.).

*Primary Examiner* — Kent Chang
*Assistant Examiner* — Dinh P Nguyen
(74) *Attorney, Agent, or Firm* — Jansson Shupe & Munger Ltd.

(57) **ABSTRACT**

The present invention relates to a protective mask of mobile phone comprising an upper cover body and a lower cover body. The upper and lower cover bodies can be joined with a front and a tear phone housings of a mobile phone, respectively, to effectively prevent abrasion of the mobile phone due to carelessness of a user, thereby preventing ill-favored scars on the mobile phone. Therefore, the deterioration of the quality of the mobile phone and the fall of its value can be avoided. Moreover, trend and fashion of the mobile phone can be achieved without the need of replacing the mobile phone. Therefore, waste of money can be avoided, and economic burden to the user can be lessened.

**12 Claims, 7 Drawing Sheets**



US 7,941,195 B2

Page 2

### U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D365,927 | S | 1/1996 | Cho |
| D369,903 | S | 5/1996 | Tetrault |
| 5,586,704 | A | 12/1996 | Alexander et al. |
| D382,538 | S | 8/1997 | Brunette |
| D385,283 | S | 10/1997 | Snyder et al. |
| D385,554 | S | 10/1997 | Nuovo et al. |
| 5,678,204 | A | 10/1997 | Naylor |
| D395,749 | S | 7/1998 | Jayez |
| D396,951 | S | 8/1998 | Huber |
| D397,246 | S | 8/1998 | Hoofnagle et al. |
| 5,809,403 | A | 9/1998 | MacDonald, Jr. et al. |
| D400,541 | S | 11/1998 | Harrison |
| D408,402 | S | 4/1999 | Shimelfarb et al. |
| 5,896,277 | A | 4/1999 | Leon et al. |
| 5,933,330 | A | 8/1999 | Beutler et al. |
| 5,988,577 | A | 11/1999 | Phillips et al. |
| 6,006,074 | A | 12/1999 | De Larminat et al. |
| 6,011,699 | A | 1/2000 | Murray et al. |

| | | | |
|---|---|---|---|
| D425,907 | S | 5/2000 | Frye et al. |
| 6,073,034 | A | 6/2000 | Jacobsen et al. |
| 6,075,977 | A | 6/2000 | Bayrami |
| 6,082,535 | A | 7/2000 | Mitchell |
| 6,130,945 | A | 10/2000 | Shin |
| 6,157,545 | A | 12/2000 | Janninck et al. |
| 6,201,867 | B1 | 3/2001 | Koike |
| D448,368 | S | 9/2001 | Bettag et al. |
| 6,591,088 | B1 | 7/2003 | Watanabe |
| 6,594,472 | B1 | 7/2003 | Curtis et al. |
| 6,842,633 | B1 | 1/2005 | Deo et al. |
| 7,194,291 | B2 * | 3/2007 | Peng ......................... 455/575.8 |
| 2001/0034211 | A1 | 10/2001 | Kuroshima et al. |
| 2002/0193136 | A1 | 12/2002 | Halkosaari et al. |

### FOREIGN PATENT DOCUMENTS

| | | |
|---|---|---|
| DE | 20111112.8 | 9/2001 |

* cited by examiner

Case 8:25-cv-01546-JVS-KES   Document 1   Filed 07/15/25   Page 38 of 134   Page ID #:38



# FIG.1
# PRIOR ART

Case 8:25-cv-01546-JVS-KES Document 1 Filed 07/15/25 Page 39 of 134 Page ID #:39



**FIG.2
PRIOR ART**

Case 8:25-cv-01540-JVS-KES   Document 1   Filed 07/15/25   Page 40 of 134   Page ID #:40



# FIG.3

Case 8:25-cv-01546-JVS-KES   Document 1   Filed 07/15/25   Page 41 of 134   Page ID #:41



**FIG.4**

Case 8:25-cv-01546-JVS-KES   Document 1   Filed 07/15/25   Page 42 of 134   Page ID #:42



**FIG.5**

Case 8:25-cv-01540-JVS-KES   Document 1   Filed 07/15/25   Page 43 of 134   Page ID #:43



**FIG.6**

Case 8:25-cv-01540-JVS-KES   Document 1   Filed 07/15/25   Page 44 of 134   Page ID #:44



*FIG.7*

US 7,941,195 B2

1

# PROTECTIVE MASK OF MOBILE PHONE

## CROSS-REFERENCE TO RELATED PATENT APPLICATIONS

This continuation application claims priority to U.S. patent application Ser. No. 09/888,488 filed Jun. 26, 2001, now U.S. Pat. No. 7,194,291 and Chinese Patent Application No. CN00252902.5 filed Nov. 17, 2000, which are expressly incorporated by reference herein.

## FIELD OF THE INVENTION

The present invention relates to a protective mask of mobile phone and, more particularly, to an assembly structure used in a mobile phone

## BACKGROUND OF THE INVENTION

FIGS. 1 and 2 show the structure of a prior art mobile phone. The outer look of the structure is approximately a rectangular parallelepiped comprising a front phone housing and a rear phone housing. One end of the front phone housing 11 is pivotally joined with one end of the rear phone housing 12, as shown in FIG. 2. An antenna 121 is disposed on the rear phone housing 12. A mobile phone 10 is formed after assembling the front and rear phone housings 11 and 12. The mobile phone 10 can be used for receiving a call, dialing a telephone number, making a call, displaying messages, and setting functions.

However, because the front and rear phone housings 11 and 12 of the mobile phone 10 are very smooth and delicate, abrasion may easily arise due to carelessness of a user so as to generate ill-favored scars thereon, resulting in the deterioration of the quality of the mobile phone and the fall of its value.

Moreover, the design of the mobile phone 10 tends to be more and more diversified in consideration of trend and fashion. The user usually spends a lot of money to change the mobile phone 10 to adhere to the fashion, resulting in waste of money.

Accordingly, the above mobile phone structure has inconvenience and drawbacks in practical installation and use. The present invention aims to resolve the problems in the prior art.

## SUMMARY OF THE INVENTION

The primary object of the present invention is to provide a protective mask of mobile phone to effectively prevent abrasion of a mobile phone due to carelessness of a user, thereby preventing ill-favored scars on the mobile phone. Therefore, the deterioration of the quality of the mobile phone and the fall of its value can be avoided.

The secondary object of the present invention is to provide a protective mask of mobile phone so that trend and fashion of a mobile phone can be achieved without the need of replacing the mobile phone. Therefore, waste of money can be avoided, and economic burden to the user can be lessened.

To achieve the above objects, the present invention provides a protective mask of mobile phone comprising an upper cover body and a lower cover body. The upper and lower cover bodies are integrally formed by means of mold ejection of plastic. Patterns, types, or nameplates can be printed on the upper and lower cover bodies. The upper and lower cover bodies can sheathe a mobile phone therein. A gap, cavities, and slots corresponding to an antenna, an earphone cavity, an incoming-call informing light and so on of the mobile phone are disposed on the lower cover body so that a user can

2

successfully receive a call and use various kinds of functions and settings of the mobile phone.

The various objects and advantages of the present invention will be more readily understood from the following detailed description when read in conjunction with the appended drawings, in which:

## BRIEF DESCRIPTION OF THE DRAWINGS

FIG. 1 is a perspective view of a prior art mobile phone;
FIG. 2 is a diagram showing the use state of a prior art mobile phone;
FIG. 3 is an exploded perspective view of the present invention and a mobile phone;
FIG. 4 is a perspective view of the present invention assembled with a mobile phone;
FIG. 5 is a cross-sectional view of the present invention assembled with a mobile phone;
FIG. 6 is a diagram showing the use state of the present invention assembled 10 with a mobile phone; and
FIG. 7 is an exploded perspective view according to a second embodiment of the present invention.

## DETAILED DESCRIPTION OF THE PREFERRED EMBODIMENTS

As shown in FIGS. 3 to 6, the present invention relates to a protective mask of mobile phone and, more particularly, to an assembly structure used in a mobile phone. The protective mask of mobile phone of the present invention comprises an upper cover body 20 and a lower cover body 30.

The upper cover body 20 is integrally formed by mold ejection of plastic. Patterns, types, or nameplates can be printed on a front side face of the upper 20 cover body 20. The upper cover body 20 can be joined with a front phone housing 41 of a mobile phone 40, as shown in FIG. 4. A rear side face of the upper cover body 20 has a plurality of flanges 21, as shown in FIG. 3. The flanges 21 can be retained at the edge of the front phone housing 41 of the mobile phone 40. The front phone housing 41 of the mobile phone 40 can be sheathed in the upper cover body 20, as shown in FIG. 5.

The lower cover body 30 is integrally formed by mold ejection of plastic. Patterns, types, or nameplates can be printed on the lower cover body 30. The lower cover body 30 can be joined with a rear phone housing 42 of the mobile phone 40, as shown in FIG. 4. The lower cover body 30 has a gap 31 to retain an antenna 43 of the mobile phone 40, as shown in FIG. 3. A plurality of cavities 32 are disposed beside the gap 31 of the lower cover body 30. The cavities 32 can correspond to an earphone cavity 44, an incoming-call informing light 45 and so on of the mobile phone 40 so that a user can conveniently use the functions of the mobile phone 40.

Finger recessions 33 are respectively disposed at two sides of the lower cover body 30 so that a user can easily unfold the pivotally joined front phone housing 41 and rear phone housing 42 to receive a call or operate the mobile phone 40, as shown in FIG. 6. The finger recessions 33 can also let the user conveniently separate the mobile phone 40 and the lower cover body 30 for performing operations such as replacing a battery (not shown) of the mobile phone 40. A plurality of holes 34 are disposed at one side of the lower cover body 30. The holes 34 can correspond to function keys (not shown) of the mobile phone 40 so that the user can successfully receive a call or set functions.

A bottom of the lower cover body 30 has a slot 35, which can correspond to a socket 46 (shown in FIG. 5) of the mobile

US 7,941,195 B2

3

phone **40** so that a user can plug in a power supply (not shown) of the mobile phone **40** to charge or recharge the mobile phone **40**.

As shown in FIG. **7**, a different upper cover body **20** and a different lower cover body **30** are matched according to the outer look of a different mobile phone **40** so as to satisfy users having different mobile phones **40**. The connection and disposition ways are the same as the above first embodiment of the present invention.

The present invention uses the upper cover body **20** and the lower cover body **30** to sheathe the mobile phone **40** therein so as to effectively prevent abrasion of the mobile phone **40** due to the carelessness of a user, thereby preventing ill-favored scars on the mobile phone. Moreover, trend and fashion of the mobile phone **40** can be achieved without the need of replacing the mobile phone **40**.

Although the present invention has been described with reference to the preferred embodiments thereof, it will be understood that the invention is not limited to the details thereof. Various substitutions and modifications have been suggested in the foregoing description, and others will occur to those of ordinary skill in the art. Therefore, all such substitutions and modifications are intended to be embraced within the scope of the invention as defined in the appended claims.

What is claimed is:

**1**. A protective mask adapted to be coupled to an exterior housing of a mobile phone having internal components including circuitry and a battery, which are covered by the exterior housing, the protective mask comprising:

a first mask portion, molded to conform to the shape of a first portion of the exterior housing of the mobile phone, the first mask portion adapted to be coupled to the mobile phone to retain the first mask portion to the first portion of the exterior housing so that the first mask portion covers the first portion of the exterior housing of the mobile phone; and

a second mask portion, molded to conform to the shape of a second portion of the exterior housing of the mobile phone, the second mask portion adapted to be coupled to the mobile phone to retain the second mask portion to the second portion of the exterior housing so that the second mask portion covers the second portion of the exterior housing of the mobile phone;

wherein said first and second mask portions are retained to the exterior housing of the mobile phone.

**2**. The protective mask of claim **1**, wherein patterns, types, or nameplates can be printed on said first and second mask portions.

**3**. The protective mask of claim **1**, wherein the first mask portion includes at least one opening to permit access to features of the mobile phone.

**4**. The protective mask of claim **1**, wherein said second mask portion includes at least one opening to permit access to features of the mobile phone.

**5**. The protective mask of claim **1**, wherein said second mask portion includes an opening corresponding to a socket

4

of said mobile phone so that a user can conveniently plug in a power supply to charge said mobile phone.

**6**. A protective mask adapted to be coupled to an exterior housing of a mobile phone, the mobile phone having internal components including circuitry and a battery, which are covered by the exterior housing, the protective mask comprising:

a first mask portion, molded to conform to the shape of a first portion of the exterior housing of the mobile phone, the first mask portion is adapted to be coupled to the mobile phone to retain the first mask portion to the first portion of the exterior housing so that the first mask portion covers the first portion of the exterior housing of the mobile phone;

said first mask portion including an opening that is associated with an opening in the exterior housing to permit access to a feature of the mobile phone; and

a second mask portion, molded to conform to the shape of a second portion of the exterior housing of the mobile phone, the second mask portion adapted to be coupled to the mobile phone to retain the second mask portion to the second portion of the exterior housing so that the second mask portion covers the second portion of the exterior housing of the mobile phone;

wherein said first and second mask portions are retained to the exterior housing of the mobile phone.

**7**. The protective mask of claim **6**, wherein patterns, types, or nameplates can be printed on said first and second mask portions.

**8**. The protective mask of claim **6**, wherein the second mask portion includes an opening to permit access to a feature of the mobile phone.

**9**. A protective mask adapted to be coupled to an exterior housing of a mobile phone having internal components including circuitry and a battery, which are covered by the exterior housing, the protective mask comprising:

a first mask portion, molded to conform to the shape of a first portion of the exterior housing of the mobile phone, the first mask portion having flanges to allow the first mask portion to be coupled to the mobile phone to retain the first mask portion to the first portion of the exterior housing so that the first mask portion covers the first portion of the exterior housing of the mobile phone.

**10**. The protective mask of claim **9**, further comprising a second mask portion, molded to conform to the shape of a second portion of the exterior housing of the mobile phone, the second mask portion adapted to be coupled to the mobile phone to retain the second mask portion to the second portion of the exterior housing so that the second mask portion covers the second portion of the exterior housing of the mobile phone.

**11**. The protective mask of claim **10**, wherein patterns, types, or nameplates can be printed on the first and second mask portions.

**12**. The protective mask of claim **11**, wherein the first mask portion includes at least one opening to permit access to features of the mobile phone.

\* \* \* \* \*

# EXHIBIT C

## TO

## COMPLAINT FOR PATENT INFRINGEMENT

## United States Patent No. 10,097,676

Case 6:25-cv-01546-JVS-KES    Document 1    Filed 07/15/25    Page 48 of 134    Page ID #:48



US010097676B2

(12) **United States Patent**

Peng

(10) Patent No.: **US 10,097,676 B2**

(45) Date of Patent: ***Oct. 9, 2018**

(54) **PROTECTIVE MASK OF MOBILE PHONE**

(75) Inventor: **Kuan-Lin Peng**, Taipai (TW)

(73) Assignee: **Gregory Jukyoung Kim**, Westmont, IL (US)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 119 days.

This patent is subject to a terminal disclaimer.

(21) Appl. No.: **13/094,428**

(22) Filed: **Apr. 26, 2011**

(65) **Prior Publication Data**

US 2011/0201394 A1      Aug. 18, 2011

**Related U.S. Application Data**

(63) Continuation of application No. 11/673,237, filed on Feb. 9, 2007, now Pat. No. 7,941,195, which is a continuation of application No. 09/888,488, filed on Jun. 26, 2001, now Pat. No. 7,194,291.

(30) **Foreign Application Priority Data**

Nov. 17, 2000 (CN) ...................................... 252902

(51) **Int. Cl.**
 **H04M 1/02**  (2006.01)
 **H04B 1/3888**  (2015.01)
(52) **U.S. Cl.**
 CPC ........ **H04M 1/0283** (2013.01); **H04B 1/3888** (2013.01); *H04M 1/0214* (2013.01)
(58) **Field of Classification Search**
 CPC . H04W 88/02; H04M 1/0283; H04M 1/0214; H04M 1/0202; H04M 1/0212; H04M 1/0216; H04B 1/3888

USPC .... 455/90.1, 90.3, 348, 349, 433.01, 433.11, 455/451, 550, 550.1, 575.1
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| D211,355 | S | 6/1968 | Farnham et al. |
| D219,451 | S | 12/1970 | Blackman |
| 4,121,061 | A | 10/1978 | Donaldson |
| 5,012,513 | A | 4/1991 | Dale et al. |
| D337,435 | S | 7/1993 | Kaneko et al. |

(Continued)

FOREIGN PATENT DOCUMENTS

| CN | 00252902.5 | 11/2000 |
| DE | 20019958 U1 | 2/2001 |
| DE | 20111112 U1 | 9/2001 |

OTHER PUBLICATIONS

IL Telefono Cellulare & C. 2 pages. Date: Oct. 2000. (Shows replacement mobile telephone housing portions).

*Primary Examiner* — Dinh Nguyen

(74) *Attorney, Agent, or Firm* — Invention Mine LLC

(57) **ABSTRACT**

The present invention relates to a protective mask of mobile phone comprising an upper cover body and a lower cover body. The upper and lower cover bodies can be joined with a front and a rear phone housing of a mobile phone, respectively, to effectively prevent abrasion of the mobile phone due to carelessness of a user, thereby preventing ill-favored scars on the mobile phone. Therefore, the deterioration of the quality of the mobile phone and the fall of its value can be avoided. Moreover, trend and fashion of the mobile phone can be achieved without the need of replacing the mobile phone. Therefore, waste of money can be avoided, and economic burden to the user can be lessened.

**12 Claims, 7 Drawing Sheets**



# US 10,097,676 B2

Page 2

---

(56) **References Cited**

## U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D338,470 S | 8/1993 | Clayton | |
| D342,262 S | 12/1993 | Hester | |
| D348,472 S | 7/1994 | Cyfko | |
| 5,383,091 A | 1/1995 | Snell | |
| D365,927 S | 1/1996 | Cho | |
| D369,903 S | 5/1996 | Tetrault | |
| 5,586,704 A | 12/1996 | Alexander et al. | |
| D382,538 S | 8/1997 | Brunette | |
| D385,283 S | 10/1997 | Snyder et al. | |
| D385,554 S | 10/1997 | Nuovo et al. | |
| 5,678,204 A | 10/1997 | Naylor | |
| D395,749 S | 7/1998 | Jayez | |
| D396,951 S | 8/1998 | Huber | |
| D397,246 S | 8/1998 | Hoofnagle et al. | |
| 5,809,403 A | 9/1998 | MacDonald, Jr. et al. | |
| D400,541 S | 11/1998 | Harrison | |
| D408,402 S | 4/1999 | Shimelfarb et al. | |
| 5,896,277 A | 4/1999 | Leon et al. | |
| 5,923,752 A * | 7/1999 | McBride et al. ........ 379/433.11 | |
| 5,933,330 A | 8/1999 | Beutler et al. | |
| 5,988,577 A | 11/1999 | Phillips et al. | |
| 6,006,074 A | 12/1999 | De Larminat et al. | |
| 6,011,699 A | 1/2000 | Murray et al. | |
| D425,907 S | 5/2000 | Frye et al. | |
| 6,073,027 A | 6/2000 | Norman et al. | |
| 6,073,034 A | 6/2000 | Jacobsen et al. | |
| 6,075,977 A | 6/2000 | Bayrami | |
| 6,082,535 A | 7/2000 | Mitchell | |
| 6,128,515 A * | 10/2000 | Kabler ................ H04B 1/3805 |
| | | | 455/556.2 |
| 6,130,945 A | 10/2000 | Shin | |
| 6,157,545 A | 12/2000 | Janninck et al. | |
| 6,184,835 B1 | 2/2001 | Chen et al. | |
| 6,201,867 B1 | 3/2001 | Koike | |
| 6,224,225 B1 | 5/2001 | Chen | |
| D448,368 S * | 9/2001 | Bettag ........................ D14/250 |
| 6,430,400 B1 | 8/2002 | MacDonald, Jr. et al. | |
| 6,563,927 B2 | 5/2003 | Mote et al. | |
| 6,591,088 B1 | 7/2003 | Watanabe | |
| 6,594,472 B1 | 7/2003 | Curtis et al. | |
| 6,842,633 B1 | 1/2005 | Deo et al. | |
| 6,876,837 B2 | 4/2005 | Kuroshima et al. | |
| 6,898,283 B2 | 5/2005 | Wycherley et al. | |
| 7,069,063 B2 | 6/2006 | Halkosaari et al. | |
| 7,194,291 B2 | 3/2007 | Peng | |
| 7,941,195 B2 | 5/2011 | Peng | |

* cited by examiner

Case 8:25-cv-01548-JVS-KES    Document 1    Filed 07/15/25    Page 50 of 134    Page ID #:50



# FIG.1
# PRIOR ART

Case 8:25-cv-01540-JVS-KES   Document 1   Filed 07/15/25   Page 51 of 134   Page ID #:51



**FIG.2**
**PRIOR ART**

Case 8:25-cv-01540-JVS-KES   Document 1   Filed 07/15/25   Page 52 of 134   Page ID #:52



# FIG.3

Case 8:25-cv-01540-JVS-KES   Document 1   Filed 07/15/25   Page 53 of 134   Page ID #:53



**FIG.4**

Case 8:25-cv-01546-JVS-KES   Document 1   Filed 07/15/25   Page 54 of 134   Page ID #:54



*FIG.5*

Case 8:25-cv-01540-JVS-KES   Document 1   Filed 07/15/25   Page 55 of 134   Page ID #:56



# FIG.6



**FIG.7**

US 10,097,676 B2

1

## PROTECTIVE MASK OF MOBILE PHONE

### RELATED APPLICATIONS

This application is a continuation of U.S. patent application Ser. No. 11/673,237, filed Feb. 9, 2007, now U.S. Pat. No. 7,941,195, which (i) is a continuation application of U.S. patent application Ser. No. 09/888,488, filed Jun. 26, 2001, now U.S. Pat. No. 7,194,291, and (ii) claims priority to Chinese Patent Application No. CN00252902.5, filed Nov. 17, 2000, the contents of which are incorporated herein by reference.

### FIELD OF THE INVENTION

The present invention relates to a protective mask of mobile phone and, more particularly, to an assembly structure used in a mobile phone.

### BACKGROUND OF THE INVENTION

FIGS. **1** and **2** show the structure of a prior art mobile phone. The outer look of the structure is approximately a rectangular parallelepiped comprising a front phone housing and a rear phone housing. One end of the front phone housing **11** is pivotally joined with one end of the rear phone housing **12**, as shown in FIG. **2**. An antenna **121** is disposed on the rear phone housing **12**. A mobile phone **10** is formed after assembling the front and rear phone housings **11** and **12**. The mobile phone **10** can be used for receiving a call, dialing a telephone number, making a call, displaying messages, and setting functions.

However, because the front and rear phone housings **11** and **12** of the mobile phone **10** are very smooth and delicate, abrasion may easily arise due to carelessness of a user so as to generate ill-favored scars thereon, resulting in the deterioration of the quality of the mobile phone and the fall of its value.

Moreover, the design of the mobile phone **10** tends to be more and more diversified in consideration of trend and fashion. The user usually spends a lot of money to change the mobile phone **10** to adhere to the fashion, resulting in waste of money.

Accordingly, the above mobile phone structure has inconvenience and drawbacks in practical installation and use. The present invention aims to resolve the problems in the prior art.

### SUMMARY OF THE INVENTION

The primary object of the present invention is to provide a protective mask of mobile phone to effectively prevent abrasion of a mobile phone due to carelessness of a user, thereby preventing ill-favored scars on the mobile phone. Therefore, the deterioration of the quality of the mobile phone and the fall of its value can be avoided.

The secondary object of the present invention is to provide a protective mask of mobile phone so that trend and fashion of the mobile phone can be achieved without the need of replacing the mobile phone. Therefore, waste of money can be avoided, and economic burden to the user can be lessened.

To achieve the above objects, the present invention provides a protective mask for a mobile phone comprising an upper cover body and a lower cover body. The upper and lower cover bodies are integrally formed by means of mold ejection of plastic. Patterns, types, or nameplates can be

2

printed on the upper and lower cover bodies. The upper and lower cover bodies can sheathe a mobile phone therein. A gap, cavities, and slots corresponding to an antenna, an earphone cavity, an incoming-call informing light and so on of the mobile phone are disposed on the lower cover body so that a user can successfully receive a call and use various kinds of functions and settings of the mobile phone.

The various objects and advantages of the present invention will be more readily understood from the following detailed description when read in conjunction with the appended drawings, in which:

### BRIEF DESCRIPTION OF THE DRAWINGS

FIG. **1** is a perspective view of a prior art mobile phone;
FIG. **2** is a diagram showing the use state of a prior art mobile phone;
FIG. **3** is an exploded perspective view of the present invention and a mobile phone;
FIG. **4** is a perspective view of the present invention assembled with a mobile phone;
FIG. **5** is a cross-sectional view of the present invention assembled with a mobile phone;
FIG. **6** is a diagram showing the use state of the present invention assembled **10** with a mobile phone; and
FIG. **7** is an exploded perspective view according to a second embodiment of the present invention.

### DETAILED DESCRIPTION OF PREFERRED EMBODIMENTS

As shown in FIGS. **3** to **6**, the present invention relates to a protective mask of mobile phone and, more particularly, to an assembly structure used in a mobile phone. The protective mask of mobile phone of the present invention comprises an upper cover body **20** and a lower cover body **30**.

The upper cover body **20** is integrally formed by mold injection of plastic. Patterns, types, or nameplates can be printed on a front side face of the upper cover body **20**. The upper cover body **20** can be joined with a front phone housing **41** of a mobile phone **40**, as shown in FIG. **4**. A rear side face of the upper cover body **20** has a plurality of flanges **21**, as shown in FIG. **3**. The flanges **21** can be retained at the edge of the front phone housing **41** of the mobile phone **40**. The front phone housing **41** of the mobile phone **40** can be sheathed in the upper cover body **20**, as shown in FIG. **5**.

The lower cover body **30** is integrally formed by mold injection of plastic. Patterns, types, or nameplates can be printed on the lower cover body **30**. The lower cover body **30** can be joined with a rear phone housing **42** of the mobile phone **40**, as shown in FIG. **4**. The lower cover body **30** has a gap **31** to retain an antenna **43** of the mobile phone **40**, as shown in FIG. **3**. A plurality of cavities **32** are disposed beside the gap **31** of the lower cover body **30**. The cavities **32** can correspond to an earphone cavity **44**, an incoming-call informing light **45** and so on of the mobile phone **40** so that a user can conveniently use the functions of the mobile phone **40**.

Finger recessions **33** are respectively disposed at two sides of the lower cover body **30** so that a user can easily unfold the pivotally joined front phone housing **41** and rear phone housing **42** to receive a call or operate the mobile phone **40**, as shown in FIG. **6**. The finger recessions **33** can also let the user conveniently separate the mobile phone **40** and the lower cover body **30** for performing operations such as replacing a battery (not shown) of the mobile phone **40**.

US 10,097,676 B2

3

A plurality of holes **34** are disposed at one side of the lower cover body **30**. The holes **34** can correspond to function keys (not shown) of the mobile phone **40** so that the user can successfully receive a call or set functions.

A bottom of the lower cover body **30** has a slot **35**, which can correspond to a socket **46** (shown in FIG. **5**) of the mobile phone **40** so that a user can plug in a power supply (not shown) of the mobile phone **40** to charge or recharge the mobile phone **40**.

As shown in FIG. **7**, a different upper cover body **20** and a different lower cover body **30** are matched according to the outer look of a different mobile phone **40** so as to satisfy users having different mobile phones **40**. The connection and disposition ways are the same as the above first embodiment of the present invention.

The present invention uses the upper cover body **20** and the lower cover body **30** to sheathe the mobile phone **40** therein so as to effectively prevent abrasion of the mobile phone **40** due to the carelessness of a user, thereby preventing ill-favored scars on the mobile phone. Moreover, trend and fashion of the mobile phone **40** can be achieved without the need of replacing the mobile phone **40**.

Although the present invention has been described with reference to the preferred embodiments thereof, it will be understood that the invention is not limited to the details thereof. Various substitutions and modifications have been suggested in the foregoing description, and others will occur to those of ordinary skill in the art. Therefore, all such substitutions and modifications are intended to be embraced within the scope of the invention as defined in the appended claims.

The invention claimed is:

**1.** A protective mask molded for frictional retention to an exterior housing of a mobile phone having user input and output interfaces, and internal components including circuitry and a battery, wherein the exterior housing completely encloses the circuitry and the battery when the mobile phone is fully assembled and ready for use, the exterior housing having an exterior shape formed by a back surface, and at least portions of opposed side surfaces, the protective mask comprising:

an integrally-formed mask body molded and contoured to conform and frictionally-fit tightly against the exterior shape of the exterior housing;

an inner surface of the integrally-formed mask body defining an interior space of the integrally-formed mask body and conforming to and in substantially continuous surface-to-surface contact with the exterior shape of the exterior housing, with no substantial space between the inner surface of the integrally-formed mask body and the exterior shape of the exterior housing;

at least one opening defined by the integrally-formed mask body permitting user access to at least the user input and output interfaces; and

at least one retainer having an extension protruding laterally inward from the integrally-formed mask body and toward and into the integrally-formed mask body interior space, wherein the at least one retainer is retained to the exterior housing at an exterior housing edge when the mask is coupled to the mobile communication device, the at least one retainer participating in retaining the integrally-formed mask body to the mobile communication device.

**2.** The protective mask of claim **1**, wherein the integrally-formed mask body further includes indicia selected from the group consisting of text, graphic elements and combinations thereof.

4

**3.** The protective mask of claim **1**, wherein the integrally-formed mask body includes at least one feature opening to permit access to at least one feature of the mobile phone.

**4.** The protective mask of claim **1**, wherein the integrally-formed mask body includes a socket opening corresponding to a socket of the mobile phone and permitting a user to plug a power supply into the socket to charge the mobile phone.

**5.** A protective mask molded for frictional retention to an exterior housing of, and adapted to be coupled to, a mobile communication device having internal components including circuitry and a battery, wherein the exterior housing completely encloses the circuitry and battery when the mobile communication device is fully assembled and ready for use, and wherein the exterior housing has an exterior shape including a back face and at least portions of opposed side surfaces, the protective mask comprising:

an integrally-formed mask body molded and contoured to conform and frictionally fit to the exterior shape of the exterior housing;

an inner surface of the integrally-formed mask body defining an interior space of the integrally-formed mask body and conforming to and in substantially continuous surface-to-surface contact with the exterior shape of the exterior housing in overlying and protecting relationship, without a substantial gap between the inner surface of the integrally-formed mask body and the exterior shape of the exterior housing, the integrally-formed mask body defining an opening enabling the mask to be placed over the exterior shape in overlying and protecting relationship; and

at least one retainer having an extension protruding laterally inward from the integrally-formed mask body and toward and into the integrally-formed mask body interior space, wherein the at least one retainer is retained to the exterior housing at an exterior housing edge when the mask is coupled to the mobile communication device, the at least one retainer participating in retaining the integrally-formed mask body to the mobile communication device.

**6.** The protective mask of claim **5**, wherein the mobile communication device includes a socket for battery charging and the integrally-formed mask body defines at least a battery-charging socket opening permitting a power supply to be connected to the socket.

**7.** The protective mask of claim **5**, wherein the mobile communication device includes an earphone-connection socket and the integrally-formed mask body defines at least one earphone-connection socket opening permitting an earphone to be connected to the earphone-connection socket.

**8.** A mask for attachment to a hand-held mobile phone, the mobile phone having user input and output interfaces, internal components including circuitry and a battery, and an exterior housing completely enclosing the circuitry and battery when the mobile phone is fully assembled and ready for use, the exterior housing including a first face, a second face and opposed side surfaces there between, the mask comprising:

an integrally-formed mask body molded to conform to a shape of the exterior housing; and

inner and outer surfaces, the surfaces defining at least one opening in the integrally-formed mask body providing access to at least one of the user input and output interfaces, the integrally-formed mask body being configured such that, when the mask is attached to the mobile phone, the integrally-formed mask body is coextensive with, contours to and overlies the opposed

US 10,097,676 B2

5                                           6

side surfaces, with substantially no space between the
mask body and the opposed side surfaces; and

at least one retainer having an extension protruding lat-
erally inward from the integrally-formed mask body
and toward and into the integrally-formed mask body
interior space, wherein the at least one retainer is
retained to the exterior housing at an exterior housing
edge when the mask is coupled to the mobile commu-
nication device, the at least one retainer participating in
retaining the integrally-formed mask body to the
mobile communication device.

9. A protective mask molded for frictional retention to an
exterior housing of a fully assembled mobile communication
device having user input and output interfaces, the mobile
communication device further having internal components
including circuitry and a battery completely enclosed by the
exterior housing, and the exterior housing having an exterior
shape formed by a back surface and at least portions of
opposed side surfaces, the protective mask comprising:

an inner surface closely conforming to the exterior shape
of the exterior housing and in substantially continuous
surface-to-surface contact with the exterior shape of the
exterior housing, with substantially no space between
the inner surface of the protective mask and the exterior
shape when the protective mask is retained to the
exterior housing, the protective mask being molded,
integrally formed, contoured and sized to fit tightly

against the exterior shape of the exterior housing,
thereby providing retention of the protective mask to
the exterior housing;

at least one opening defined by the protective mask
permitting user access to at least the user input and
output interfaces; and

at least one retainer having an extension protruding lat-
erally inward from the integrally-formed mask body
and toward and into the integrally-formed mask body
interior space, wherein the at least one retainer is
retained to the exterior housing at an exterior housing
edge when the mask is coupled to the mobile commu-
nication device, the at least one retainer participating in
retaining the integrally-formed mask body to the
mobile communication device.

10. The protective mask of claim 9, wherein the protective
mask further includes indicia selected from the group con-
sisting of text, graphic elements and combinations thereof.

11. The protective mask of claim 9, wherein the protective
mask includes at least one feature opening to permit access
to at least one feature of the mobile communication device.

12. The protective mask of claim 9, wherein the protective
mask includes a socket opening corresponding to a socket of
the mobile communication device, permitting a user to plug
a power supply into the socket to charge the mobile com-
munication device.

*    *    *    *    *

# EXHIBIT D

## TO

## COMPLAINT FOR PATENT INFRINGEMENT

## Accused Products

## MOBILE DEVICE CASE SYLES
## ** OF ACCUSED PRODUCTS

**Main Sources:**

http://goospery.com/

http://goosperyus.com/

http://goosperycase.com/

http://www.mercurykorea.com/

http://www.mercurymart.com/

https://web.archive.org/web/*/goospery.com/*

https://web.archive.org/web/*/goosperyus.com/*

https://web.archive.org/web/*/goosperycase.com/*

https://web.archive.org/web/*/mercurykorea.com/*

https://web.archive.org/web/*/mercurymart.com/*

https://www.amazon.com/sp?ie=UTF8&seller=A2LAOO6BZILCO0

https://www.amazon.com/stores/GOOSPERY/page/97C74978-B993-43D4-B6DD-
        A742880DC513

https://www.amazon.com/s?me=A2LAOO6BZILCO0&marketplaceID=ATVPDKIKX0DER

https://www.walmart.com/c/kp/goospery-website

https://www.ebay.com/sch/20349/i.html?_nkw=goospery&_from=R40&Brand=Goospery%7
        CMercury&_dcat=20349

https://poshmark.com/brand/Goospery?condition=nwt_and_ret

https://www.aliexpress.com/w/wholesale-goospery-phone-cases.html

https://www.alibaba.com/showroom/goospery-brand-case.html;
        https://www.alibaba.com/showroom/goospery-brand-cases.html;
        https://www.alibaba.com/showroom/goospery-mercury-case.html

** This list is comprehensive, but not exhaustive, of Defendant's Accused Product Case Styles.
Plaintiff reserves the right to supplement this list as further information becomes available during
the course of litigation.

**PHONE CASE STYLES**

| Case Style Name | Exemplary Photograph(s) |
|---|---|
| Rail 2 Card |  |
| Magsafe Standing Silicon/Silicone | |

** This list is comprehensive, but not exhaustive, of Defendant's Accused Product Case Styles. Plaintiff reserves the right to supplement this list as further information becomes available during the course of litigation.

2

| Case Style Name | Exemplary Photograph(s) |
|---|---|
| Magsafe Semi Silicon/Silicone |  |
| Magsafe Jell Hard | |

** This list is comprehensive, but not exhaustive, of Defendant's Accused Product Case Styles. Plaintiff reserves the right to supplement this list as further information becomes available during the course of litigation.

| Case Style Name | Exemplary Photograph(s) |
|---|---|
| Silicon/Silicone/Liquid Silicone/Mercury Silicone |  |

** This list is comprehensive, but not exhaustive, of Defendant's Accused Product Case Styles. Plaintiff reserves the right to supplement this list as further information becomes available during the course of litigation.

| Case Style Name | Exemplary Photograph(s) |
|---|---|
| Bumper Pop |  |
| Mansoor Diary | |

** This list is comprehensive, but not exhaustive, of Defendant's Accused Product Case Styles. Plaintiff reserves the right to supplement this list as further information becomes available during the course of litigation.

| Case Style Name | Exemplary Photograph(s) |
| --- | --- |
| Canvas Diary |  |
| French 2 Card Bumper | |

** This list is comprehensive, but not exhaustive, of Defendant's Accused Product Case Styles. Plaintiff reserves the right to supplement this list as further information becomes available during the course of litigation.

| Case Style Name | Exemplary Photograph(s) |
| --- | --- |
| Pearl Jelly |  |

** This list is comprehensive, but not exhaustive, of Defendant's Accused Product Case Styles. Plaintiff reserves the right to supplement this list as further information becomes available during the course of litigation.

| Case Style Name | Exemplary Photograph(s) |
|---|---|
| Blue Moon Diary |  |
| Rich Diary | |

** This list is comprehensive, but not exhaustive, of Defendant's Accused Product Case Styles. Plaintiff reserves the right to supplement this list as further information becomes available during the course of litigation.

| Case Style Name | Exemplary Photograph(s) |
|---|---|
| Super Protect |  |
| SF (Soft Feeling) Jelly | |

** This list is comprehensive, but not exhaustive, of Defendant's Accused Product Case Styles. Plaintiff reserves the right to supplement this list as further information becomes available during the course of litigation.

| Case Style Name | Exemplary Photograph(s) |
|---|---|
| Fancy Diary/Flip Diary |  |
| Sonata Diary |  |

** This list is comprehensive, but not exhaustive, of Defendant's Accused Product Case Styles. Plaintiff reserves the right to supplement this list as further information becomes available during the course of litigation.

| Case Style Name | Exemplary Photograph(s) |
|---|---|
| Mona Lisa Diary |  |
| Saffiano Diary |  |
| Detachable Diary |  |

** This list is comprehensive, but not exhaustive, of Defendant's Accused Product Case Styles. Plaintiff reserves the right to supplement this list as further information becomes available during the course of litigation.

| Case Style Name | Exemplary Photograph(s) |
|---|---|
| Skinny Bumper |  |
| Sky Slide | |

** This list is comprehensive, but not exhaustive, of Defendant's Accused Product Case Styles. Plaintiff reserves the right to supplement this list as further information becomes available during the course of litigation.

| Case Style Name | Exemplary Photograph(s) |
| --- | --- |
| Sliding Card Holder |  |
| X Bumper/Bumper X | |

** This list is comprehensive, but not exhaustive, of Defendant's Accused Product Case Styles. Plaintiff reserves the right to supplement this list as further information becomes available during the course of litigation.

13

| Case Style Name | Exemplary Photograph(s) |
|---|---|
| Z Bumper |  |
| Wonder Protect | |

** This list is comprehensive, but not exhaustive, of Defendant's Accused Product Case Styles. Plaintiff reserves the right to supplement this list as further information becomes available during the course of litigation.

14

| Case Style Name | Exemplary Photograph(s) |
|---|---|
| Style Lux |  |
| Ultra Skin | |
| Davinci Jelly | |

** This list is comprehensive, but not exhaustive, of Defendant's Accused Product Case Styles. Plaintiff reserves the right to supplement this list as further information becomes available during the course of litigation.

15

| Case Style Name | Exemplary Photograph(s) |
|---|---|
| Dream Bumper |  |
| Romance Diary |  |
| i-Jelly/i-Jelly Metal |  |

** This list is comprehensive, but not exhaustive, of Defendant's Accused Product Case Styles. Plaintiff reserves the right to supplement this list as further information becomes available during the course of litigation.

| Case Style Name | Exemplary Photograph(s) |
|---|---|
|  |  |
| iPocket |  |

** This list is comprehensive, but not exhaustive, of Defendant's Accused Product Case Styles. Plaintiff reserves the right to supplement this list as further information becomes available during the course of litigation.

| Case Style Name | Exemplary Photograph(s) |
|---|---|
| iPocket Premium |  |
| Peach Garden Bumper | |

** This list is comprehensive, but not exhaustive, of Defendant's Accused Product Case Styles. Plaintiff reserves the right to supplement this list as further information becomes available during the course of litigation.

| Case Style Name | Exemplary Photograph(s) |
|---|---|
| Persona Diary |  |
| Focus Bumper |  |

** This list is comprehensive, but not exhaustive, of Defendant's Accused Product Case Styles. Plaintiff reserves the right to supplement this list as further information becomes available during the course of litigation.

19

| Case Style Name | Exemplary Photograph(s) |
|---|---|
| WOW Bumper View |  |
| Viva Window | |

** This list is comprehensive, but not exhaustive, of Defendant's Accused Product Case Styles. Plaintiff reserves the right to supplement this list as further information becomes available during the course of litigation.

| Case Style Name | Exemplary Photograph(s) |
|---|---|
| Cocktail Bumper |  |
| Techno Flip |  |

** This list is comprehensive, but not exhaustive, of Defendant's Accused Product Case Styles. Plaintiff reserves the right to supplement this list as further information becomes available during the course of litigation.

| Case Style Name | Exemplary Photograph(s) |
|---|---|
| Leather Flip Diary |  |
| Easy View |  |

** This list is comprehensive, but not exhaustive, of Defendant's Accused Product Case Styles. Plaintiff reserves the right to supplement this list as further information becomes available during the course of litigation.

| Case Style Name | Exemplary Photograph(s) |
|---|---|
| Focus View |  |
| Premium Wallet/Premium Diary | |

** This list is comprehensive, but not exhaustive, of Defendant's Accused Product Case Styles. Plaintiff reserves the right to supplement this list as further information becomes available during the course of litigation.

| Case Style Name | Exemplary Photograph(s) |
|---|---|
| Magnetic Door Bumper/Card Holder Wallet<br>(See also Exhibit E) |  |

** This list is comprehensive, but not exhaustive, of Defendant's Accused Product Case Styles. Plaintiff reserves the right to supplement this list as further information becomes available during the course of litigation.

| Case Style Name | Exemplary Photograph(s) |
|---|---|
| Fard/SF (Soft Feeling) Fard (See also Exhibit E) |  |

** This list is comprehensive, but not exhaustive, of Defendant's Accused Product Case Styles. Plaintiff reserves the right to supplement this list as further information becomes available during the course of litigation.

| Case Style Name | Exemplary Photograph(s) |
|---|---|
| Wallet Strap<br>(See also Exhibit E) |  |
| Luster<br>(See also Exhibit E) | |

** This list is comprehensive, but not exhaustive, of Defendant's Accused Product Case Styles. Plaintiff reserves the right to supplement this list as further information becomes available during the course of litigation.

| Case Style Name | Exemplary Photograph(s) |
| --- | --- |
| Crystal Clear Bumper<br>(See also Exhibit E) |  |

** This list is comprehensive, but not exhaustive, of Defendant's Accused Product Case Styles.
Plaintiff reserves the right to supplement this list as further information becomes available during
the course of litigation.

| Case Style Name | Exemplary Photograph(s) |
|---|---|
| Flex Wallet<br>(See also Exhibit E) |  |
| Ring Bumper<br>(See also Exhibit E) | |

** This list is comprehensive, but not exhaustive, of Defendant's Accused Product Case Styles. Plaintiff reserves the right to supplement this list as further information becomes available during the course of litigation.

| Case Style Name | Exemplary Photograph(s) |
|---|---|
| Ring Holder<br>(See also Exhibit E) |  |
| Card Wallet Ring<br>(See also Exhibit E) | |

** This list is comprehensive, but not exhaustive, of Defendant's Accused Product Case Styles. Plaintiff reserves the right to supplement this list as further information becomes available during the course of litigation.

| Case Style Name | Exemplary Photograph(s) |
|---|---|
| Super Real Clear PC/PC Hard (See also Exhibit E) |  |
| EZ Mount Wallet (See also Exhibit E) |  |

** This list is comprehensive, but not exhaustive, of Defendant's Accused Product Case Styles. Plaintiff reserves the right to supplement this list as further information becomes available during the course of litigation.

**TABLET CASE STYLES**

| Case Style Name | Exemplary Photograph(s) |
|---|---|
| Folio |  |

** This list is comprehensive, but not exhaustive, of Defendant's Accused Product Case Styles. Plaintiff reserves the right to supplement this list as further information becomes available during the course of litigation.

## MOBILE DEVICE MODELS
## *** FOR WHICH THERE ARE ACCUSED PRODUCTS

**Main Sources:**

    http://goospery.com/
    http://goosperyus.com/
    http://goosperycase.com/
    http://www.mercurykorea.com/
    http://www.mercurymart.com/
    https://web.archive.org/web/*/goospery.com/*
    https://web.archive.org/web/*/goosperyus.com/*
    https://web.archive.org/web/*/goosperycase.com/*
    https://web.archive.org/web/*/mercurykorea.com/*
    https://web.archive.org/web/*/mercurymart.com/*
    https://www.amazon.com/sp?ie=UTF8&seller=A2LAOO6BZILCO0
    https://www.amazon.com/stores/GOOSPERY/page/97C74978-B993-43D4-B6DD-
        A742880DC513
    https://www.amazon.com/s?me=A2LAOO6BZILCO0&marketplaceID=ATVPDKIKX0DER
    https://www.walmart.com/c/kp/goospery-website
    https://www.ebay.com/sch/20349/i.html?_nkw=goospery&_from=R40&Brand=Goospery%7
        CMercury&_dcat=20349
    https://poshmark.com/brand/Goospery?condition=nwt_and_ret
    https://www.aliexpress.com/w/wholesale-goospery-phone-cases.html
    https://www.alibaba.com/showroom/goospery-brand-case.html;
        https://www.alibaba.com/showroom/goospery-brand-cases.html;
        https://www.alibaba.com/showroom/goospery-mercury-case.html

## PHONE MODELS

**Apple:**

| | | |
|---|---|---|
| iPhone 4 | iPhone 8 | iPhone 12 Pro |
| iPhone 4s | iPhone 8 Plus | iPhone 12 Pro Max |
| iPhone 5 | iPhone X | iPhone SE (2022) |
| iPhone 5c | iPhone XS | iPhone 13 Mini |
| iPhone 5s | iPhone XS Max | iPhone 13 |
| iPhone SE (2016) | iPhone XR | iPhone 13 Pro |
| iPhone 6 | iPhone SE (2020) | iPhone 13 Pro Max |
| iPhone 6s | iPhone 11 | iPhone 14 |
| iPhone 6 Plus | iPhone 11 Pro | iPhone 14 Plus |
| iPhone 6s Plus | iPhone 11 Pro Max | iPhone 14 Pro |
| iPhone 7 | iPhone 12 Mini | iPhone 14 Pro Max |
| iPhone 7 Plus | iPhone 12 | |

**Google:**

| | |
|---|---|
| Pixel | Pixel XL |

*** This list is comprehensive, but not exhaustive, of Defendant's Accused Product Models.
Plaintiff reserves the right to supplement this list as further information becomes available during
the course of litigation.

**HTC:**

| | | |
|---|---|---|
| One M7 | One M8 | One M9 |

**Huawei:**

| | | |
|---|---|---|
| G8 | Mate 20 Pro | P20 Pro |
| Mate 8 | Nova 2 | P30 Lite Nova 4E |
| Mate 9 | P9 | P30 Pro |
| Mate 20 Lite | P20 Lite Nova 3E | |

**LG:**

| | | |
|---|---|---|
| G Pro 2 | G6 | Nexus 6 |
| G Vista | G7 | V10 |
| G2 F320 | L70 | V20 |
| G3 F400 | L90 | V30 |
| G4 | M7 | V50 ThinQ |
| G5 | Nexus 5 | |

**Motorola:**

Moto G3

**Samsung:**

| | | |
|---|---|---|
| Galaxy Note 3 | Galaxy S6 Edge Plus | Galaxy S21 FE |
| Galaxy Note 4 | Galaxy S7 | Galaxy S21 Plus |
| Galaxy Note Edge | Galaxy S7 Edge | Galaxy S21 Ultra |
| Galaxy Note 5 | Galaxy S8 | Galaxy S22 |
| Galaxy Note FE | Galaxy S8 Plus | Galaxy S22 Plus |
| Galaxy Note 7 | Galaxy S9 | Galaxy S22 Ultra |
| Galaxy Note 8 | Galaxy S9 Plus | Galaxy Z Flip 3 |
| Galaxy Note 9 | Galaxy S10e | (See also Exhibit E) |
| Galaxy Note 10 | Galaxy S10 | Galaxy Z Flip 4 |
| Galaxy Note 10 Plus | Galaxy S10 Plus | (See also Exhibit E) |
| Galaxy Note 20 | Galaxy S10 5G | Galaxy Z Fold 3 |
| Galaxy Note 20 Ultra | Galaxy S20 | (See also Exhibit E) |
| Galaxy S5 | Galaxy S20 Plus | Galaxy Z Fold 4 |
| Galaxy S6 | Galaxy S20 Ultra | (See also Exhibit E) |
| Galaxy S6 Edge | Galaxy S21 | |

**Vivo:**

Y55

*** This list is comprehensive, but not exhaustive, of Defendant's Accused Product Models. Plaintiff reserves the right to supplement this list as further information becomes available during the course of litigation.

## **<u>TABLET MODELS</u>**

**<u>Apple:</u>**

| | | |
|---|---|---|
| iPad Air 4 11" | iPad Air 6 11" | iPad Pro 5 12.9" |
| iPad Air 5 11" | iPad Pro 4 12.9" | iPad Pro 6 12.9" |

**<u>Samsung:</u>**

| | | |
|---|---|---|
| Galaxy Tab 10.1 | Galaxy Tab A7 Lite | Galaxy Tab S6 Lite |
| Galaxy Tab A7 | Galaxy Tab A8 | Galaxy Tab S7 |

\*\*\* This list is comprehensive, but not exhaustive, of Defendant's Accused Product Models. Plaintiff reserves the right to supplement this list as further information becomes available during the course of litigation.

## <u>EXEMPLARY PHOTOGRAPHS</u>

### <u>GOOSPERY Z Bumper</u>

Crossbody Case [Military Collection] Compatible with iPhone 14 Case [Strap Included] Shock Absorbing Dual Layer TPU + Hard PC Back Cover with Strap, Camo; Item Model Number: IP14-ZBP-CAM-STP

https://www.amazon.com/dp/B0B9GFMR3L?th=1

 

35



















































**<u>GOOSPERY Crystal Clear Bumper</u>**

Case Compatible with Galaxy Z Fold 4 Ultimate Slim Pocket Friendly Thin Design Super Real Crystal Clear Transparent Lightweight Hard PC Back Cover - Clear; Item Model Number: FLD4-SPC-CLR

https://www.amazon.com/dp/B0B7HPYLRD

(See also Exhibit E)






## All Around Protection

covers the whole sides and back of the phone including the bottom and buttons, protect from accidental bumps, drops, and scratches while offeriing extreme slimness



## Detail

**Screen**
Raised lips for screen protection.

**Camera**
Lifted edges for camera protection.

**Charge**
Supports wireless charging.

**Button**
Easy access to all the controls and features.



## Tip

Make sure to peel the protective films off from inside and outside of the case before use
* The both protective film layer preserves the crystal clear quality of the case.



## Compatibility

Only Compatible with Galaxy Z-Fold 4

Galaxy Z Fold4

Galaxy Z Fold3

Galaxy Z Fold1, 2









# Hybrid Airbag Hard Case

for **Galaxy Z Fold4**

1~2mm raised lips protects
the screen and rear camera
from resting directly on surfaces







GOOSPERY




























# EXHIBIT E

## TO

## COMPLAINT FOR PATENT INFRINGEMENT

## Two Portion Accused Products

## MOBILE DEVICE TWO PORTION CASE SYLES ** OF ACCUSED PRODUCTS

**Main Sources:**

http://goospery.com/

http://goosperyus.com/

http://goosperycase.com/

http://www.mercurykorea.com/

http://www.mercurymart.com/

https://web.archive.org/web/*/goospery.com/*

https://web.archive.org/web/*/goosperyus.com/*

https://web.archive.org/web/*/goosperycase.com/*

https://web.archive.org/web/*/mercurykorea.com/*

https://web.archive.org/web/*/mercurymart.com/*

https://www.amazon.com/sp?ie=UTF8&seller=A2LAOO6BZILCO0

https://www.amazon.com/stores/GOOSPERY/page/97C74978-B993-43D4-B6DD-A742880DC513

https://www.amazon.com/s?me=A2LAOO6BZILCO0&marketplaceID=ATVPDKIKX0DER

https://www.walmart.com/c/kp/goospery-website

https://www.ebay.com/sch/20349/i.html?_nkw=goospery&_from=R40&Brand=Goospery%7CMercury&_dcat=20349

https://poshmark.com/brand/Goospery?condition=nwt_and_ret

https://www.aliexpress.com/w/wholesale-goospery-phone-cases.html

https://www.alibaba.com/showroom/goospery-brand-case.html;
https://www.alibaba.com/showroom/goospery-brand-cases.html;
https://www.alibaba.com/showroom/goospery-mercury-case.html

** This list is comprehensive, but not exhaustive, of Defendant's Two Portion Accused Product Case Styles. Plaintiff reserves the right to supplement this list as further information becomes available during the course of litigation.

1

**TWO PORTION PHONE CASE STYLES**

| Case Style Name | Exemplary Photograph(s) |
|---|---|
| Magnetic Door Bumper/Card Holder Wallet<br>(See also Exhibit D) |  |

** This list is comprehensive, but not exhaustive, of Defendant's Two Portion Accused Product Case Styles. Plaintiff reserves the right to supplement this list as further information becomes available during the course of litigation.

| Case Style Name | Exemplary Photograph(s) |
| --- | --- |
| Fard/SF (Soft Feeling) Fard (See also Exhibit D) |  |

** This list is comprehensive, but not exhaustive, of Defendant's Two Portion Accused Product Case Styles. Plaintiff reserves the right to supplement this list as further information becomes available during the course of litigation.

3

| Case Style Name | Exemplary Photograph(s) |
|---|---|
| Wallet Strap<br>(See also Exhibit D) |  |
| Luster<br>(See also Exhibit D) | |

** This list is comprehensive, but not exhaustive, of Defendant's Two Portion Accused Product Case Styles. Plaintiff reserves the right to supplement this list as further information becomes available during the course of litigation.

| Case Style Name | Exemplary Photograph(s) |
|---|---|
| Crystal Clear Bumper<br>(See also Exhibit D) |  |

** This list is comprehensive, but not exhaustive, of Defendant's Two Portion Accused Product Case Styles. Plaintiff reserves the right to supplement this list as further information becomes available during the course of litigation.

5

| Case Style Name | Exemplary Photograph(s) |
|---|---|
| Flex Wallet<br>(See also Exhibit D) |  |
| Ring Bumper<br>(See also Exhibit D) | |

** This list is comprehensive, but not exhaustive, of Defendant's Two Portion Accused Product Case Styles. Plaintiff reserves the right to supplement this list as further information becomes available during the course of litigation.

| Case Style Name | Exemplary Photograph(s) |
|---|---|
| Ring Holder<br>(See also Exhibit D) |  |
| Card Wallet Ring<br>(See also Exhibit D) | |

** This list is comprehensive, but not exhaustive, of Defendant's Two Portion Accused Product Case Styles. Plaintiff reserves the right to supplement this list as further information becomes available during the course of litigation.

| Case Style Name | Exemplary Photograph(s) |
|---|---|
| Super Real Clear PC/PC Hard (See also Exhibit D) |  |
| EZ Mount Wallet (See also Exhibit D) |  |

** This list is comprehensive, but not exhaustive, of Defendant's Two Portion Accused Product Case Styles. Plaintiff reserves the right to supplement this list as further information becomes available during the course of litigation.

## MOBILE DEVICE MODELS
## *** FOR WHICH THERE ARE TWO PORTION ACCUSED PRODUCTS

**Main Sources:**

http://goospery.com/

http://goosperyus.com/

http://goosperycase.com/

http://www.mercurykorea.com/

http://www.mercurymart.com/

https://web.archive.org/web/*/goospery.com/*

https://web.archive.org/web/*/goosperyus.com/*

https://web.archive.org/web/*/goosperycase.com/*

https://web.archive.org/web/*/mercurykorea.com/*

https://web.archive.org/web/*/mercurymart.com/*

https://www.amazon.com/sp?ie=UTF8&seller=A2LAOO6BZILCO0

https://www.amazon.com/stores/GOOSPERY/page/97C74978-B993-43D4-B6DD-
        A742880DC513

https://www.amazon.com/s?me=A2LAOO6BZILCO0&marketplaceID=ATVPDKIKX0DER

https://www.walmart.com/c/kp/goospery-website

https://www.ebay.com/sch/20349/i.html?_nkw=goospery&_from=R40&Brand=Goospery%7
        CMercury&_dcat=20349

https://poshmark.com/brand/Goospery?condition=nwt_and_ret

https://www.aliexpress.com/w/wholesale-goospery-phone-cases.html

https://www.alibaba.com/showroom/goospery-brand-case.html;
        https://www.alibaba.com/showroom/goospery-brand-cases.html;
        https://www.alibaba.com/showroom/goospery-mercury-case.html

## PHONE MODELS

**Samsung:**

| | |
|---|---|
| Galaxy Z Flip 3 | Galaxy Z Fold 3 |
| (See also Exhibit D) | (See also Exhibit D) |
| Galaxy Z Flip 4 | Galaxy Z Fold 4 |
| (See also Exhibit D) | (See also Exhibit D) |

*** This list is comprehensive, but not exhaustive, of Defendant's Two Portion Accused Product Models. Plaintiff reserves the right to supplement this list as further information becomes available during the course of litigation.

**<u>EXEMPLARY PHOTOGRAPHS</u>**

**<u>GOOSPERY Crystal Clear Bumper</u>**

Case Compatible with Galaxy Z Fold 4 Ultimate Slim Pocket Friendly Thin Design Super Real Crystal Clear Transparent Lightweight Hard PC Back Cover - Clear; Item Model Number: FLD4-SPC-CLR

https://www.amazon.com/dp/B0B7HPYLRD

(See also Exhibit D)




















# Hybrid Airbag Hard Case

for **Galaxy Z Fold4**

1~2mm raised lips protects
the screen and rear camera
from resting directlyon surfaces



13





GOOSPERY







# Diverse Smart Mobile Life Experience



**Manufacturing Mobile Accessories since 1995**



**Export to more than 50 countries**



**98% Positive Feedbacks from Amazon Customers**

GOOSPERY | Trusted Brand all around the world

















